IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE TERRELL and ANDREW TERRELL,  )
    Plaintiffs,

vs.

**08CV2430**
**JUDGE MAROVICH**
**MAG. JUDGE COX**

PETER J. DiANGI, Individually and as Employee or
Agent of Silver Lake Country Club, Inc. and as Police
Officer of Orland Park, a Municipal Corp., SILVER
LAKE COUNTRY CLUB, INC., and VILLAGE OF  )
ORLAND PARK, a Municipal Corp.  )
    Defendants.  )

## NOTICE OF REMOVAL OF CAUSE

To:    ***Attorney for Plaintiff***
    David L. Goldberg
    120 West Madison Street
    Suite 400
    Chicago, Illinois 60602
    312-327-1840

**FILED**

APR 2 9 2008
Apr 29 2008
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

Defendant Peter J. DiAngi ("Defendant"), pursuant to 28 U.S.C. § 1446 (b) and the Local

Rules of the United States District Court, Northern District of Illinois, notifies this Honorable

Court that the above-entitled cause has been removed from the Circuit Court of Cook County,

Illinois, and in support of said notice states as follows:

    1.    The Summons and Complaint in this matter were served on April 4, 2008.  The

Complaint seeks damages based on Peter J. DiAngi's alleged violation of 42 U.S.C. § 1983

(herein attached as **Exhibit "A"**).

    2.    Defendant denies that it is liable to Plaintiff for any of the relief sought in their

Complaint.

    3.    This Court has original jurisdiction over Plaintiff's cause of action as it is brought

under 42 U.S.C.§ 1983 and involves a federal question as set forth in 28 U.S.C. § 1331. Pursuant

484092.1

to 28 U.S.C. §§ 1441 and 1443, therefore, the civil action pending in the Circuit Court of Cook County is removable to this Court.

    4.    Venue is proper in this Court since this United States Northern District Court embraces the County of Cook, State of Illinois in which the action is presently pending.

    5.    The Defendant is, therefore, entitled to remove this action to this Court pursuant to 28 U.S.C. §§§1331, 1441, 1443 and Plaintiff's Complaint is removable on its face.

    6.    In compliance with 28 U.S.C. §1446(b), this Notice of Removal is filed with this Court within thirty (30) days after receipt of a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based and within thirty (30) days after service of summons.

**WHEREFORE**, Defendant Peter J. DiAngi, notifies that this cause has been removed from the Circuit Court of Cook County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to the provisions of 28 U.S.C. §1446 and the Local Rules of the United States District Court for the Northern District of Illinois.

Respectfully submitted,

**PETER J. DIANGI**

By:  /s/ Christian T. Novay
     One of His Attorneys

Christian Novay
**WILSON, ELSER, MOSKOWITZ**
**EDELMAN & DICKER, LLP**
120 North LaSalle Street
Suite 2600
Chicago, Illinois 60602
312.704.0550
Atty. 16741

484092.1

2120 - Served       2121 – Served                          #07-316 EMR/DLG/cmb
2220 - Not Served   2221 - Not Served
2320 - Served By Mail   2321 - Served by Mail
2420 - Served by Publication  2421 - Served by Publication
SUMMONS    ALIAS - SUMMONS    (Rev.12/22/92) CCG-1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

GEORGE TERRELL and )
ANDREW TERRELL, )
) No.
Plaintiffs )
)
-vs- )                                      2008L002956
)                                      CALENDAR/ROOM X
PETER DIANGI, Individually and as Employee )   TIME 00:00
Or Agent of Silver Lake Country Club, Inc., and as )  PI Other
Police Officer of Orland Park, A Municipal Corp., )
SILVER LAKE COUNTRY CLUB, INC. and )
VILLAGE OF ORLAND PARK, a Municipal Corp., )
)
Defendants. )

### SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room*    801    , Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, _____ MAY 1 7 2008 , 20____

Clerk of Court

(David L. Goldberg)
Name RUBIN, MACHADO & ROSENBLUM, LTD.          Date of service: _____, 20____
Attorney for Plaintiff                         (To be inserted by officer on copy left with
Address 120 W. Madison St., Suite 400                      defendant or other person)
City Chicago, IL 60602
Telephone (312) 327-1840
Atty. No. 37704
**Service by Facsimile Transmission will be accepted at  (312) 327-1841     (Area Code) (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Law Division Room 801
Chancery-Divorce Room 802
County Division Room 801
Probate Division Room 1202


EXHIBIT A

| GEORGE TERRELL and<br>ANDREW TERRELL | vs. | PETER DIANGI, Ind. & as Employee or Agent<br>of Silver Lake Country Club, Inc. and as Police<br>Officer of Orland Park, A Municipal corp.,<br>SILVER LAKE COUNTRY CLUB, INC. and<br>VILLAGE OF ORLAND PARK, a Municipal<br>Corp., |
|---|---|---|

## SERVICE LIST

1.  PETER DIANGI
    c/o Village of Orland Park Police Dept.
    15100 S. Ravinia Avenue
    Orland Park, Ill.  60462

2.  SILVER LAKE COUNTRY CLUB, INC.
    R/A:  John W. Dubbs III
    222 N. LaSalle St., Suite 300
    Chicago, Ill.  60601

3.  VILLAGE OF ORLAND PARK
    c/o Chief Executive or Authorized Agent
    14700 S. Ravinia Avenue
    Orland Park, Ill.  60462

2120 - Served        2121 – Served                    #07-316 EMR/DLG/cmb
2220 - Not Served    2221 - Not Served
2320 - Served By Mail    2321 - Served by Mail
2420 - Served by Publication  2421 - Served by Publication
SUMMONS        ALIAS - SUMMONS    (Rev.12/22/92) CCG-1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| GEORGE TERRELL and | ) | |
| ANDREW TERRELL, | ) | |
| | ) | No. |
| Plaintiffs | ) | |
| -vs- | ) | |
| | ) | 2008L002956 |
| PETER DIANGI, Individually and as Employee | ) | CALENDAR/ROOM X |
| Or Agent of Silver Lake Country Club, Inc., and as | ) | TIME 00:00 |
| Police Officer of Orland Park, A Municipal Corp., | ) | PI Other |
| SILVER LAKE COUNTRY CLUB, INC. and | ) | |
| VILLAGE OF ORLAND PARK, a Municipal Corp., | ) | |
| | ) | |
| Defendants. | ) | |

### SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room*    801    , Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, _____, 20 ____

Clerk of Court _____

(David L. Goldberg)
Name RUBIN, MACHADO & ROSENBLUM, LTD.
Attorney for Plaintiff
Address 120 W. Madison St., Suite 400
City Chicago, IL  60602
Telephone (312) 327-1840
Atty. No. 37704

Date of service: _____, 20 ____
(To be inserted by officer on copy left with
defendant or other person)

**Service by Facsimile Transmission will be accepted at  (312) 327-1841    (Area Code) (Facsimile Telephone Number)

#### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Law Division Room 801
Chancery-Divorce Room 802
County Division Room 801
Probate Division Room 1202

GEORGE TERRELL and         vs.      PETER DIANGI, Ind. & as Employee or Agent
ANDREW TERRELL                      of Silver Lake Country Club, Inc. and as Police
                                    Officer of Orland Park, A Municipal corp.,
                                    SILVER LAKE COUNTRY CLUB, INC. and
                                    VILLAGE OF ORLAND PARK, a Municipal
                                    Corp.,

## SERVICE LIST

1.   PETER DIANGI
     c/o Village of Orland Park Police Dept.
     15100 S. Ravinia Avenue
     Orland Park, Ill. 60462


2.   SILVER LAKE COUNTRY CLUB, INC.
     R/A: John W. Dubbs III
     222 N. LaSalle St., Suite 300
     Chicago, Ill. 60601


3.   VILLAGE OF ORLAND PARK
     c/o Chief Executive or Authorized Agent
     14700 S. Ravinia Avenue
     Orland Park, Ill. 60462

#07-316  EMR/CRC (DLG)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ANDREW TERRELL, and )
GEORGE TERRELL )
                             )
           Plaintiffs, )
                             )
-vs.- )   No.   2008L002956
                             )         CALENDAR/ROOM  X
PETER DIANGI, Individually and as Employee )      TIME 00:00
or Agent of Silver Lake Country Club, Inc., and as )     PI Other
Police Officer of Orland Park, a Municipal )
Corporation; )
SILVER LAKE COUNTRY CLUB, INC.; and )
VILLAGE OF ORLAND PARK, a Municipal )
Corporation, )
                             )
          Defendants. )

## COMPLAINT AT LAW

NOW COME the Plaintiffs, GEORGE TERRELL and ANDREW TERRELL, by and through their attorneys, RUBIN, MACHADO & ROSENBLUM, LTD., and, complaining of the Defendants, PETER DIANGI, Individually and as Employee or Agent of Silver Lake Country Club, and as Police Officer of Orland Park; SILVER LAKES COUNTRY CLUB ("SILVER LAKE"); and VILLAGE OF ORLAND PARK, a Municipal Corporation ("ORLAND PARK"), states as follows:

## COMMON FACTUAL ALLEGATIONS

1.     At all times relevant herein, the Plaintiffs, ANDREW TERRELL and GEORGE TERRELL were residents of the County of Cook and State of Illinois.

2.     At all times relevant herein, the Defendant, PETER DIANGI, was a resident of the County of Cook and State of Illinois.

04/03/2008  21:20    7083497213            ORLAND PARK PD DPC                    PAGE  06/06

3.    At all times relevant herein, the Defendant, PETER DIANGI, was employed by the Defendant, SILVER LAKE, as a security guard.

4.    At all times relevant herein, the Defendant, PETER DIANGI, was employed by the Defendant, ORLAND PARK, as a police officer.

5.    At all times relevant herein, the Defendant, SILVER LAKE, was a duly licensed corporation, incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois.

6.    On or about March 18, 2006, the Plaintiff, ANDREW TERRELL, and his fiancé were married at Queen of Marters Church in Evergreen Park.  Immediately after the wedding ceremony, the Plaintiff, ANDREW TERRELL, his fiancé, and various other members of the wedding guests, including the Plaintiff GEORGE TERRELL, attended a wedding reception at Silver Lake Country Club.

7.    The Defendant, PETER DIANGI, grabbed the Plaintiff, ANDREW TERRELL, by the arm.

8.    Prior grabbing the Plaintiff, ANDREW TERRELL, the Defendant, PETER DIANGI, did not identify himself as a security guard or other employee of SILVER LAKE, nor did he identify himself as a police officer.

9.    Subsequent to grabbing the Plaintiff, ANDREW TERRELL, the Defendant, PETER DIANGI, grabbed ANDREW TERRELL by the neck.  A melee ensued as wedding guests attempted to defend the Plaintiff, ANDREW TERRELL.

10.    At all relevant times, the Defendant, PETER DIANGI, was dressed in "plain clothes", and was not wearing a police uniform.

2

11.    As a result of the aforestated melee, the Plaintiffs, ANDREW TERRELL and GEORGE TERRELL, were arrested and charged with battery.

12.    The arrests of the Plaintiffs were made under false pretenses, given that the Defendant, PETER DIANGI, instigated the events leading to the aforesaid arrests.

13.    The Defendant, PETER DIANGI, engaged in conduct against the plaintiffs, which conduct included striking the plaintiffs, grabbing the plaintiffs, and spraying the plaintiffs with pepper spray.

### COUNT I --BATTERY

### (Andrew Terrell v. Peter Diangi )

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13  inclusive of Count I, as though fully set forth herein and incorporate the same by reference.

14.    The conduct and force used by PETER DIANGI toward the Plaintiff, ANDREW TERRELL, was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights.  Moreover, the use of force used against the Plaintiff was excessive.

15.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

16.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT II – ASSAULT

### (Andrew Terrell v. Peter Diangi)

1. through 13. Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count II, as though fully set forth herein and incorporate the same by reference.

14. The Defendants' conduct placed Plaintiff, ANDREW TERRELL in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting her mentally, emotionally and psychologically.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT III – BATTERY

### (Andrew Terrell v. Silver Lake)

1. through 13. Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count III, as though fully set forth herein and incorporate the same by reference.

14. The conduct and force used by PETER DIANGI toward the Plaintiff, ANDREW TERRELL, was intentional, malicious and excessive and in reckless disregard of the Plaintiffs' constitutional rights. Moreover, the use of force used against the Plaintiff was excessive.

15. At all times relevant herein the Defendant, PETER DIANGI, was engaged in his ordinary duties as a security guard and employee, agent, apparent agent, and/or servant of the Defendant, SILVER LAKE.

4

16.    At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the Plaintiff, ANDREW TERRELL, was legally upon the premises of Silver Lake Country Club.

17.    The Defendant's conduct in striking the Plaintiff and spraying the Plaintiff with mace was unjustified and excessive.

18.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

19.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

20.    The Defendant, SILVER LAKE, is vicariously liable for the actions and conduct of PETER DIANGI.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, SILVER LAKE, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT IV – ASSAULT

### (Andrew Terrell v. Silver Lake)

1. through 13.   Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count IV, as though fully set forth herein and incorporate the same by reference.

14.    The conduct of Defendant, SILVER LAKE, by and through its employee and agent, PETER DIANGI, placed Plaintiff, ANDREW TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting them mentally, emotionally and psychologically.

5

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, SILVER LAKE, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT V – BATTERY

### (Andrew Terrell v. Orland Park)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count V, as though fully set forth herein and incorporate the same by reference.

14.     The conduct and force used by PETER DIANGI as stated herein was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights.  Moreover, the use of force used against the Plaintiff was excessive.

15.     As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

16.     The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

17.     The Defendant, ORLAND PARK, is vicariously liable for the actionable conduct of its employees, agents, and/or servants, including PETER DIANGI.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, ORLAND PARK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT VI – ASSAULT

### (Andrew Terrell v. Orland Park)

6

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count VI, as though fully set forth herein and incorporate the same by reference.

14.    The conduct of Defendant, ORLAND PARK, by and through its employee and/or agent, PETER DIANGI, placed Plaintiff, ANDREW TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting him mentally, emotionally and psychologically.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, ORLAND PARK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT VII – WILLFUL & WANTON

### (Andrew Terrell v. Peter Diangi)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count VII, as though fully set forth herein and incorporate the same by reference.

14.    Pursuant to 745 ILCS 10/2-202, police officers are liable for injuries resulting from their willful and wanton acts or omissions while engaged in the execution or enforcement of the law.

15.    At all times set forth in paragraphs 1 – 13, PETER DIANGI, knew that the Plaintiff, ANDREW TERRELL, was legally upon the premises of Silver Lake Country Club.

16.    At all times set forth in paragraphs 1 – 13, PETER DIANGI was engaged in the execution or enforcement of the law when he grabbed and/or struck the Plaintiff, ANDREW TERRELL.  Moreover, OFFICER METELSKI engaged in willful and wanton conduct during

7

said execution or enforcement of the law by using excessive force in attempting to arrest ANDREW TERRELL.

17.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

18.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

### COUNT VIII – WILLFUL & WANTON

### (Andrew Terrell v. Orland Park)

1. through 13. Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count VIII, as though fully set forth herein and incorporate the same by reference.

14.    Pursuant to 745 ILCS 10/2-202, municipalities are liable for injuries resulting from willful and wanton acts or omissions of police officers while engaged in the execution or enforcement of the law.

15.    At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the Plaintiff, ANDREW TERRELL, was lawfully upon the premises of Silver Lake Country Club.

16.    At all times set forth in paragraphs 1 – 13, PETER DIANGI was engaged in the execution or enforcement of the law on behalf when he grabbed and/or struck the Plaintiff, ANDREW TERRELL. Moreover, PETER DIANGI engaged in willful and wanton conduct

8

during said execution or enforcement of the law by using excessive force in attempting to arrest
ANDREW TERRELL.

17.    As a result of the aforementioned conduct of the ORLAND PARK, by and
through its employee and/or agent, PETER DIANGI, the Plaintiff suffered serious injuries.
Plaintiff also incurred medical expenses and other damages, including physical and emotional
pain and suffering.

18.    The Plaintiff's injuries were the proximate result of ORLAND PARK
aforementioned conduct.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment
against the Defendant, VILLAGE of ORLAND PARK, in a sum in excess of FIFTY
THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might
deem appropriate.

## COUNT IX – 42 U.S.C. §1983

### (Andrew Terrell)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON
FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count IX, as though
fully set forth herein and incorporate the same by reference.

13.    At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the
Plaintiff, ANDREW TERRELL, was legally upon the premises of Silver Lake Country Club.

14.    At all times set forth in paragraphs 1 – 13, PETER DIANGI was engaged in the
execution or enforcement of the law, and was acting under the color of authority when he
engaged in the conduct alleged herein, and when he arrested the Plaintiff, ANDREW TERRELL.

9

04/03/2008  21:22    7083497213              ORLAND PARK PD OPC                    PAGE  08/18

15.    The conduct engaged in by PETER DIANGI was intentional, malicious, and with deliberate indifference to the Plaintiff's rights under the Constitution.

16.    The conduct of the Defendants deprived the Plaintiff of the following rights, privileges, and immunities secured to him by the Constitution of the United States:

    a.    The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States (Art. IV, U.S. Constitution, Art. XIV, U.S. Constitution.); and

    b.    The right of Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment of the Constitution of the United States (Art. XIV, U.S. Constitution).

17.    Prior to March 18, 2006, ORLAND PARK failed to properly train and supervise its officers, including, but not limited to PETER DIANGI regarding proper procedures to be used in apprehending a suspect, including the proper use of force.

18.    In addition, prior to March 18, 2006, ORLAND PARK failed to discipline its officers, including, but not limited to PETER DIANGI, following excessive use of force by police such that its officers, including, but not limited to PETER DIANGI, were led to believe that the consequences of failing to follow proper procedure in the exercise of force were minimal or nonexistent.

19.    As a result of the failure of ORLAND PARK to properly train, supervise and discipline its officers, including, but not limited to that of PETER DIANGI, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

20.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendants, ORLAND PARK and PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT X – BATTERY

### (George Terrell v. Peter Diangi )

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 – 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count X, as though fully set forth herein and incorporate the same by reference.

14.    The conduct and force used by PETER DIANGI toward the Plaintiff, GEORGE TERRELL, was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights. Moreover, the use of force used against the Plaintiff was excessive.

15.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

16.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

11

## COUNT XI – ASSAULT

### (George Terrell v. Peter Diangi)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XI, as though fully set forth herein and incorporate the same by reference.

14.    The Defendants' conduct placed Plaintiff, GEORGE TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting her mentally, emotionally and psychologically.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XII – BATTERY

### (George Terrell v. Silver Lake)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XII, as though fully set forth herein and incorporate the same by reference.

14.    The conduct and force used by PETER DIANGI toward the Plaintiff, GEORGE TERRELL, was intentional, malicious and excessive and in reckless disregard of the Plaintiffs' constitutional rights.  Moreover, the use of force used against the Plaintiff was excessive.

15.    At all times relevant herein the Defendant PETER DIANGI, was engaged in his ordinary duties as a security guard and employee, agent, apparent agent, and/or servant of the Defendant, SILVER LAKE.

16.    At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the Plaintiff, GEORGE TERRELL, was legally upon the premises of Silver Lake Country Club.

17.    The Defendant's conduct in striking the Plaintiff and spraying the Plaintiff with mace was unjustified and excessive.

18.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

19.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

20.    The Defendant, SILVER LAKE, is vicariously liable for the actions and conduct of PETER DIANGI.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, SILVER LAKE, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

### COUNT XIII – ASSAULT

#### (George Terrell v. Silver Lake)

1. through 13. Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XIII, as though fully set forth herein and incorporate the same by reference.

14.    The conduct of Defendant, SILVER LAKE, by and through its employee and agent, PETER DIANGI, placed Plaintiff, GEORGE TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting them mentally, emotionally and psychologically.

13

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, SILVER LAKE, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XIV – BATTERY

### (George Terrell v. Orland Park)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 -- 13 inclusive of Count XIV, as though fully set forth herein and incorporate the same by reference.

14.     The conduct and force used by PETER DIANGI as stated herein was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights.  Moreover, the use of force used against the Plaintiff was excessive.

15.     As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

16.     The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

17.     The Defendant, ORLAND PARK, is vicariously liable for the actionable conduct of its employees, agents, and/or servants, including PETER DIANGI.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, ORLAND PARK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XV – ASSAULT

### (George Terrell v. Orland Park)

14

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON

FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XV, as

though fully set forth herein and incorporate the same by reference.

14.    The conduct of Defendant, ORLAND PARK, by and through its employee and/or

agent, PETER DIANGI, placed Plaintiff, GEORGE TERRELL, in apprehension of immediate

and imminent harm to his well being and safety, and he suffered great shame and humiliation

and injury to his dignity and feelings, upsetting him mentally, emotionally and psychologically.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment

against the Defendant, ORLAND PARK, in a sum in excess of FIFTY THOUSAND AND

00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

### COUNT XVI – WILLFUL & WANTON

#### (George Terrell v. Peter Diangi)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON

FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XVI, as

though fully set forth herein and incorporate the same by reference.

14.    Pursuant to 745 ILCS 10/2-202, police officers are liable for injuries resulting

from their willful and wanton acts or omissions while engaged in the execution or enforcement

of the law.

15.    At all times set forth in paragraphs 1 – 13, PETER DIANGI, knew that the

Plaintiff, GEORGE TERRELL, was legally upon the premises of Silver Lake Country Club.

16.    At all times set forth in paragraphs 1 – 13, GEORGE TERRELL was engaged in

the execution or enforcement of the law when he grabbed and/or struck the Plaintiff, GEORGE

TERRELL.  Moreover, PETER DIANGI engaged in willful and wanton conduct during said

execution or enforcement of the law by using excessive force in attempting to arrest GEORGE TERRELL.

17.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

18.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XVII – WILLFUL & WANTON

### (George Terrell v. Orland Park)

1. through 13. Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XVII, as though fully set forth herein and incorporate the same by reference.

14.    Pursuant to 745 ILCS 10/2-202, municipalities are liable for injuries resulting from willful and wanton acts or omissions of police officers while engaged in the execution or enforcement of the law.

15.    At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the Plaintiff, GEORGE TERRELL, was lawfully upon the premises of Silver Lake Country Club.

16.    At all times set forth in paragraphs 1 – 13, PETER DIANGI was engaged in the execution or enforcement of the law on behalf when he grabbed and/or struck the Plaintiff, GEORGE TERRELL. Moreover, PETER DIANGI engaged in willful and wanton conduct

during said execution or enforcement of the law by using excessive force in attempting to arrest GEORGE TERRELL.

17.    As a result of the aforementioned conduct of the ORLAND PARK, by and through its employee and/or agent, PETER DIANGI, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

18.    The Plaintiff's injuries were the proximate result of ORLAND PARK aforementioned conduct.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, VILLAGE OF ORLAND PARK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XVIII – 42 U.S.C. §1983

### (George Terrell)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XVIII, as though fully set forth herein and incorporate the same by reference.

13.    At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the Plaintiff, GEORGE TERRELL, was legally upon the premises of Silver Lake Country Club.

14.    At all times set forth in paragraphs 1 – 13, PETER DIANGI was engaged in the execution or enforcement of the law, and was acting under the color of authority when he engaged in the conduct alleged herein, and when he arrested the Plaintiff, GEORGE TERRELL.

17

15.   The conduct engaged in by GEORGE TERRELL was intentional, malicious, and with deliberate indifference to the Plaintiff's rights under the Constitution.

16.   The conduct of the Defendants deprived the Plaintiff of the following rights, privileges, and immunities secured to him by the Constitution of the United States:

    a.   The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States (Art. IV, U.S. Constitution, Art. XIV, U.S. Constitution.); and

    b.   The right of Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment of the Constitution of the United States (Art. XIV, U.S. Constitution).

17.   Prior to March 18, 2006, ORLAND PARK failed to properly train and supervise its officers, including, but not limited to GEORGE TERRELL regarding proper procedures to be used in apprehending a suspect, including the proper use of force.

18.   In addition, prior to March 18, 2006, ORLAND PARK failed to discipline its officers, including, but not limited to PETER DIANGI, following excessive use of force by police such that its officers, including, but not limited to PETER DIANGI, were led to believe that the consequences of failing to follow proper procedure in the exercise of force were minimal or nonexistent.

19.   As a result of the failure of ORLAND PARK to properly train, supervise and discipline its officers, including, but not limited to OF PETER DIANGI, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

18

20.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendants, VILLAGE OF ORLAND PARK and PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

Respectfully submitted,

By:  David L. Goldberg
RUBIN, MACHADO & ROSENBLUM LTD
Attorneys for Plaintiffs
ANDREW TERRELL and GEORGE TERRELL
120 West Madison Street, Suite 400
Chicago, Illinois 60602
(312) 327-1840
Firm Id. 37704

19

# FILED

APR 2 9 2008
Apr 29 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GEORGE TERRELL and ANDREW TERRELL,
Plaintiffs,

vs.

PETER J. DiANGI, Individually and as Employee or
Agent of Silver Lake Country Club, Inc. and as Police
Officer of Orland Park, a Municipal Corp., SILVER
LAKE COUNTRY CLUB, INC., and VILLAGE OF
ORLAND PARK, a Municipal Corp.
Defendants.

**08CV2430
JUDGE MAROVICH
MAG. JUDGE COX**

)
)
)
)

## NOTICE OF FILING NOTICE OF REMOVAL OF CAUSE

To:    ***Attorney for Plaintiff***
David L. Goldberg
120 West Madison Street
Suite 400
Chicago, Illinois 60602
312-327-1840

Village of Orland Park
c/o Chief Executive or Authorized Agent
14700 South Ravinia Avenue
**Orland Park, Illinois 60462**

I, Christian T. Novay, an attorney, certify pursuant to Code of Civil Procedure that I served a copy of the notice of removal of the case of ***Terrell v. Peter J. DiAngi,*** which was recently pending in the Circuit Court of Cook County, Illinois under Case No. 08 L 002956 upon the above parties, via mail on April 28, 2008.

Respectfully submitted,

**PETER J. DIANGI**

By: /s/ Christian T. Novay
One of His Attorneys

Christian Novay
**WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER, LLP**
120 North LaSalle Street
Suite 2600
Chicago, Illinois 60602
312.704.0550
Atty. 06284318

484617.1