**FILED**

**JUNE 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

#07-316   EMR/CRC (DLG)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW TERRELL, and | ) | |
| GEORGE TERRELL | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs.- | ) | No.  08 C 2430 |
| | ) | |
| PETER DIANGI, Individually and as Employee | ) | Judge Marovich |
| or Agent of Silver Lake Country Club, Inc., and as | ) | |
| Police Officer of Orland Park, a Municipal | ) | Magistrate Judge Cox |
| Corporation; | ) | |
| SILVER LAKE COUNTRY CLUB, INC.; and | ) | |
| VILLAGE OF ORLAND PARK, a Municipal | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT AT LAW

NOW COME the Plaintiffs, GEORGE TERRELL and ANDREW TERRELL, by and

through their attorneys, RUBIN, MACHADO & ROSENBLUM, LTD., and, complaining of the

Defendants, PETER DIANGI, Individually and as Employee or Agent of Silver Lake Country

Club, and as Police Officer of Orland Park; SILVER LAKES COUNTRY CLUB ("SILVER

LAKE"); and VILLAGE OF ORLAND PARK, a Municipal Corporation ("ORLAND PARK"),

states as follows:

## COMMON FACTUAL ALLEGATIONS

1.      At all times relevant herein, the Plaintiffs, ANDREW TERRELL and GEORGE

TERRELL were residents of the County of Cook and State of Illinois.

2.      At all times relevant herein, the Defendant, PETER DIANGI, was a resident of

the County of Cook and State of Illinois.

3.    At all times relevant herein, the Defendant, PETER DIANGI, was employed by the Defendant, SILVER LAKE, as a security guard.

4.    At all times relevant herein, the Defendant, PETER DIANGI, was employed by the Defendant, ORLAND PARK, as a police officer.

5.    At all times relevant herein, the Defendant, SILVER LAKE, was a duly licensed corporation, incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois.

6.    On or about March 18, 2006, the Plaintiff, ANDREW TERRELL, and his fiancé were married at Queen of Martyrs Church in Evergreen Park. Immediately after the wedding ceremony, the Plaintiff, ANDREW TERRELL, his fiancé, and various other members of the wedding guests, including the Plaintiff GEORGE TERRELL, attended a wedding reception at Silver Lake Country Club.

7.    The Defendant, PETER DIANGI, grabbed the Plaintiff, ANDREW TERRELL, by the arm.

8.    Prior grabbing the Plaintiff, ANDREW TERRELL, the Defendant, PETER DIANGI, did not identify himself as a security guard or other employee of SILVER LAKE, nor did he identify himself as a police officer.

9.    Subsequent to grabbing the Plaintiff, ANDREW TERRELL, the Defendant, PETER DIANGI, grabbed ANDREW TERRELL by the neck. A melee ensued as wedding guests attempted to defend the Plaintiff, ANDREW TERRELL.

10.    At all relevant times, the Defendant, PETER DIANGI, was dressed in "plain clothes", and was not wearing a police uniform.

11.      As a result of the aforestated melee, the Plaintiffs, ANDREW TERRELL and GEORGE TERRELL, were arrested and charged with battery.

12.      The arrests of the Plaintiffs were made under false pretenses, given that the Defendant, PETER DIANGI, instigated the events leading to the aforesaid arrests.

13.      The Defendant, PETER DIANGI, engaged in conduct against the plaintiffs, which conduct included striking the plaintiffs, grabbing the plaintiffs, and spraying the plaintiffs with pepper spray.

## <u>COUNT I --BATTERY</u>

### (Andrew Terrell v. Peter Diangi)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13  inclusive of Count I, as though fully set forth herein and incorporate the same by reference.

14.      The conduct and force used by PETER DIANGI toward the Plaintiff, ANDREW TERRELL, was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights.  Moreover, the use of force used against the Plaintiff was excessive.

15.      As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

16.      The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT II – ASSAULT

**(Andrew Terrell v. Peter Diangi)**

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count II, as though fully set forth herein and incorporate the same by reference.

14.    The Defendants' conduct placed Plaintiff, ANDREW TERRELL in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting her mentally, emotionally and psychologically.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT III -- NEGLIGENCE

**(Andrew Terrell v. Peter Diangi)**

1.    At all times relevant herein, the Defendant, PETER DIANGI, was employed by the Defendant, SILVER LAKE, as a security guard.

2.    At all times relevant herein, the Defendant, SILVER LAKE, was a duly licensed corporation, incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois.

3.    On or about March 18, 2006, the Plaintiff, ANDREW TERRELL, and his fiancé were married at Queen of Martyrs Church in Evergreen Park.  Immediately after the wedding ceremony, the Plaintiff, ANDREW TERRELL, his fiancé, and various other members of the

4

wedding guests, including the Plaintiff GEORGE TERRELL, attended a wedding reception at Silver Lake Country Club.

4.      During the course of the reception, the Defendant, PETER DIANGI, was engaged in his ordinary duties as a security guard and was working in his capacity as employee or agent of the Defendant, SILVER LAKE.

5.      At all times relevant herein, the Defendant PETER DIANGI owed a duty of ordinary care to the Plaintiff while performing his tasks as a security officer.

6.      On March 18, 2006, the Defendant, PETER DIANGI, breached his aforesaid duty by engaging in one or more of the following negligent acts or omissions:

    a.      negligently failed to identify himself as a security guard or employee of Silver Lake;

    b.      negligently pushed the Plaintiff;

    c.      negligently sprayed the Plaintiff with pepper spray;

    d.      negligently attempted to physically restrain the plaintiff; and/or

    e.      was otherwise negligent.

7.      As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

8.      The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT IV – BATTERY

### (Andrew Terrell v. Silver Lake)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count III, as though fully set forth herein and incorporate the same by reference.

14.    The conduct and force used by PETER DIANGI toward the Plaintiff, ANDREW TERRELL, was intentional, malicious and excessive and in reckless disregard of the Plaintiffs' constitutional rights.  Moreover, the use of force used against the Plaintiff was excessive.

15.    At all times relevant herein the Defendant, PETER DIANGI, was engaged in his ordinary duties as a security guard and employee, agent, apparent agent, and/or servant of the Defendant, SILVER LAKE.

16.    At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the Plaintiff, ANDREW TERRELL, was legally upon the premises of Silver Lake Country Club.

17.    The Defendant's conduct in striking the Plaintiff and spraying the Plaintiff with mace was unjustified and excessive.

18.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

19.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

20.    The Defendant, SILVER LAKE, is vicariously liable for the actions and conduct of PETER DIANGI.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, SILVER LAKE, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT V – ASSAULT

### (Andrew Terrell v. Silver Lake)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count IV, as though fully set forth herein and incorporate the same by reference.

14.    The conduct of Defendant, SILVER LAKE, by and through its employee and agent, PETER DIANGI, placed Plaintiff, ANDREW TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting them mentally, emotionally and psychologically.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, SILVER LAKE, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT VI -- NEGLIGENCE

### (Andrew Terrell v. Silver Lake)

1.    At all times relevant herein, the Defendant, SILVER LAKE, was a duly licensed corporation, incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois.

2.    Prior to March 18, 2006, the Defendant, SILVER LAKE, hired and employed the Defendant PETER DIANGI, as a security guard at the Silver Lake Country Club.

3.      On or about March 18, 2006, the Defendant, PETER DIANGI, was working as a security guard and performing his ordinary duties as an employee or agent of the Defendant, SILVER LAKE.

4.       On or about March 18, 2006, the Plaintiff, ANDREW TERRELL, and his fiancé were married at Queen of Martyrs Church in Evergreen Park.  Immediately after the wedding ceremony, the Plaintiff, ANDREW TERRELL, his fiancé, and various other members of the wedding guests, including the Plaintiff GEORGE TERRELL, attended a wedding reception at Silver Lake Country Club.

5.      During the course of the reception, the Defendant, PETER DIANGI, was engaged in his ordinary duties as a security guard and was working in his capacity as employee or agent of the Defendant, SILVER LAKE.

6.      At all times relevant herein, the Defendant SILVER LAKE, through its employees and agents, including PETER DIANGI, owed duties of ordinary care to the Plaintiff to hire well-qualified security personnel, and to ensure that the security acted appropriately when providing security.

7.      On March 18, 2006, the Defendant, SILVER LAKE, through its employees and/or agents, including the Defendant, PETER DIANGI, breached its aforesaid duties to the Plaintiff by engaging in one or more of the following negligent acts or omissions:

    a.      negligently failed to properly train the Defendant, PETER DIANGI, as a security guard responsible for providing security to patron during social events at SILVER LAKE;

    b.      negligently failed to adequately supervise the Defendant, PETER DIANGI, during the performance of his duties as a security guard;

    c.      negligently permitted the Defendant, PETER DIANGI, to work as a security guard without sufficient assistance or supervision;

    d.       negligently failed to provide adequate security personnel to assist the Defendant, PETER DIANGI, in providing security;

    e.       negligently hired the Defendant, PETER DIANGI, as a security officer.

8.      In addition to the aforesaid negligent acts and/or omissions, the Defendant, SILVER LAKE, is vicariously liable for the negligent acts and/or omissions of the Defendant, PETER DIANGI, as alleged in Count III above.

9.      As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

10.      The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, SILVER LAKE, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT VII – BATTERY

### (Andrew Terrell v. Orland Park)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count V, as though fully set forth herein and incorporate the same by reference.

14.      The conduct and force used by PETER DIANGI as stated herein was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights.  Moreover, the use of force used against the Plaintiff was excessive.

15.     As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

16.     The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

17.     The Defendant, ORLAND PARK, is vicariously liable for the actionable conduct of its employees, agents, and/or servants, including PETER DIANGI.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, ORLAND PARK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT VIII – ASSAULT

### (Andrew Terrell v. Orland Park)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count VI, as though fully set forth herein and incorporate the same by reference.

14.     The conduct of Defendant, ORLAND PARK, by and through its employee and/or agent, PETER DIANGI, placed Plaintiff, ANDREW TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting him mentally, emotionally and psychologically.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, ORLAND PARK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT IX – WILLFUL & WANTON

### (Andrew Terrell v. Peter Diangi)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count VII, as though fully set forth herein and incorporate the same by reference.

14.     Pursuant to 745 ILCS 10/2-202, police officers are liable for injuries resulting from their willful and wanton acts or omissions while engaged in the execution or enforcement of the law.

15.     At all times set forth in paragraphs 1 – 13, PETER DIANGI, knew that the Plaintiff, ANDREW TERRELL, was legally upon the premises of Silver Lake Country Club.

16.     At all times set forth in paragraphs 1 – 13, PETER DIANGI was engaged in the execution or enforcement of the law when he grabbed and/or struck the Plaintiff, ANDREW TERRELL.  Moreover, OFFICER METELSKI engaged in willful and wanton conduct during said execution or enforcement of the law by using excessive force in attempting to arrest ANDREW TERRELL.

17.     As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

18.     The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT X – WILLFUL & WANTON

### (Andrew Terrell v. Orland Park)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count VIII, as though fully set forth herein and incorporate the same by reference.

14.     Pursuant to 745 ILCS 10/2-202, municipalities are liable for injuries resulting from willful and wanton acts or omissions of police officers while engaged in the execution or enforcement of the law.

15.     At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the Plaintiff, ANDREW TERRELL, was lawfully upon the premises of Silver Lake Country Club.

16.     At all times set forth in paragraphs 1 – 13, PETER DIANGI was engaged in the execution or enforcement of the law on behalf when he grabbed and/or struck the Plaintiff, ANDREW TERRELL.  Moreover, PETER DIANGI engaged in willful and wanton conduct during said execution or enforcement of the law by using excessive force in attempting to arrest ANDREW TERRELL.

17.     As a result of the aforementioned conduct of the ORLAND PARK, by and through its employee and/or agent, PETER DIANGI, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

18.     The Plaintiff's injuries were the proximate result of ORLAND PARK aforementioned conduct.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendant, VILLAGE of ORLAND PARK, in a sum in excess of FIFTY

THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XI – 42 U.S.C. §1983

### (Andrew Terrell)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count IX, as though fully set forth herein and incorporate the same by reference.

13.    At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the Plaintiff, ANDREW TERRELL, was legally upon the premises of Silver Lake Country Club.

14.    At all times set forth in paragraphs 1 – 13, PETER DIANGI was engaged in the execution or enforcement of the law, and was acting under the color of authority when he engaged in the conduct alleged herein, and when he arrested the Plaintiff, ANDREW TERRELL.

15.    The conduct engaged in by PETER DIANGI was intentional, malicious, and with deliberate indifference to the Plaintiff's rights under the Constitution.

16.    The conduct of the Defendants deprived the Plaintiff of the following rights, privileges, and immunities secured to him by the Constitution of the United States:

a.    The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States (Art. IV, U.S. Constitution, Art. XIV, U.S. Constitution.); and

b.    The right of Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment of the Constitution of the United States (Art. XIV, U.S. Constitution).

17.     Prior to March 18, 2006, ORLAND PARK failed to properly train and supervise its officers, including, but not limited to PETER DIANGI regarding proper procedures to be used in apprehending a suspect, including the proper use of force.

18.     In addition, prior to March 18, 2006, ORLAND PARK failed to discipline its officers, including, but not limited to PETER DIANGI, following excessive use of force by police such that its officers, including, but not limited to PETER DIANGI, were led to believe that the consequences of failing to follow proper procedure in the exercise of force were minimal or nonexistent.

19.     As a result of the failure of ORLAND PARK to properly train, supervise and discipline its officers, including, but not limited to that of PETER DIANGI, the Plaintiff suffered serious injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

20.     The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, ANDREW TERRELL, respectfully requests judgment against the Defendants, ORLAND PARK and PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XII --BATTERY

### (George Terrell v. Peter Diangi )

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13  inclusive of Count X, as though fully set forth herein and incorporate the same by reference.

14.    The conduct and force used by PETER DIANGI toward the Plaintiff, GEORGE TERRELL, was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights.  Moreover, the use of force used against the Plaintiff was excessive.

15.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

16.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XIII – ASSAULT

### (George Terrell v. Peter Diangi)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XI, as though fully set forth herein and incorporate the same by reference.

14.    The Defendants' conduct placed Plaintiff, GEORGE TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting her mentally, emotionally and psychologically.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XIV -- NEGLIGENCE

### (George Terrell v. Peter Diangi)

1.      At all times relevant herein, the Defendant, PETER DIANGI, was employed by the Defendant, SILVER LAKE, as a security guard.

2.      At all times relevant herein, the Defendant, SILVER LAKE, was a duly licensed corporation, incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois.

3.       On or about March 18, 2006, the Plaintiff, ANDREW TERRELL, and his fiancé were married at Queen of Martyrs Church in Evergreen Park.  Immediately after the wedding ceremony, the Plaintiff, ANDREW TERRELL, his fiancé, and various other members of the wedding guests, including the Plaintiff GEORGE TERRELL, attended a wedding reception at Silver Lake Country Club.

4.      During the course of the reception, the Defendant, PETER DIANGI, was engaged in his ordinary duties as a security guard and was working in his capacity as employee or agent of the Defendant, SILVER LAKE.

5.      At all times relevant herein, the Defendant PETER DIANGI owed a duty of ordinary care to the Plaintiff while performing his tasks as a security officer.

6.      On March 18, 2006, the Defendant, PETER DIANGI, breached his aforesaid duty by engaging in one or more of the following negligent acts or omissions:

      a.      negligently failed to identify himself as a security guard or employee of Silver Lake;

      b.      negligently pushed the Plaintiff;

      c.      negligently sprayed the Plaintiff with pepper spray;

      d.      negligently attempted to physically restrain the plaintiff; and/or

      e.      was otherwise negligent.

7.      As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

8.      The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

### COUNT XV – BATTERY

### (George Terrell v. Silver Lake)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XII, as though fully set forth herein and incorporate the same by reference.

14.      The conduct and force used by PETER DIANGI toward the Plaintiff, GEORGE TERRELL, was intentional, malicious and excessive and in reckless disregard of the Plaintiffs' constitutional rights.  Moreover, the use of force used against the Plaintiff was excessive.

15.      At all times relevant herein the Defendant PETER DIANGI, was engaged in his ordinary duties as a security guard and employee, agent, apparent agent, and/or servant of the Defendant, SILVER LAKE.

16.      At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the Plaintiff, GEORGE TERRELL, was legally upon the premises of Silver Lake Country Club.

17.     The Defendant's conduct in striking the Plaintiff and spraying the Plaintiff with mace was unjustified and excessive.

18.     As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

19.     The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

20.     The Defendant, SILVER LAKE, is vicariously liable for the actions and conduct of PETER DIANGI.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, SILVER LAKE, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XVI – ASSAULT

### (George Terrell v. Silver Lake)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XIII, as though fully set forth herein and incorporate the same by reference.

14.     The conduct of Defendant, SILVER LAKE, by and through its employee and agent, PETER DIANGI, placed Plaintiff, GEORGE TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting them mentally, emotionally and psychologically.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, SILVER LAKE, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XVII -- NEGLIGENCE

### (Andrew Terrell v. Silver Lake)

1.      At all times relevant herein, the Defendant, SILVER LAKE, was a duly licensed corporation, incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois.

2.      Prior to March 18, 2006, the Defendant, SILVER LAKE, hired and employed the Defendant PETER DIANGI, as a security guard at the Silver Lake Country Club.

3.      On or about March 18, 2006, the Defendant, PETER DIANGI, was working as a security guard and performing his ordinary duties as an employee or agent of the Defendant, SILVER LAKE.

4.       On or about March 18, 2006, the Plaintiff, ANDREW TERRELL, and his fiancé were married at Queen of Martyrs Church in Evergreen Park.  Immediately after the wedding ceremony, the Plaintiff, ANDREW TERRELL, his fiancé, and various other members of the wedding guests, including the Plaintiff GEORGE TERRELL, attended a wedding reception at Silver Lake Country Club.

5.      During the course of the reception, the Defendant, PETER DIANGI, was engaged in his ordinary duties as a security guard and was working in his capacity as employee or agent of the Defendant, SILVER LAKE.

6.      At all times relevant herein, the Defendant SILVER LAKE, through its employees and agents, including PETER DIANGI, owed duties of ordinary care to the Plaintiff to hire well-qualified security personnel, and to ensure that the security acted appropriately when providing security.

7.      On March 18, 2006, the Defendant, SILVER LAKE, through its employees and/or agents, including the Defendant, PETER DIANGI, breached its aforesaid duties to the Plaintiff by engaging in one or more of the following negligent acts or omissions:

> a.      negligently failed to properly train the Defendant, PETER DIANGI, as a security guard responsible for providing security to patron during social events at SILVER LAKE;

> b.      negligently failed to adequately supervise the Defendant, PETER DIANGI, during the performance of his duties as a security guard;

> c.      negligently permitted the Defendant, PETER DIANGI, to work as a security guard without sufficient assistance or supervision;

> d.      negligently failed to provide adequate security personnel to assist the Defendant, PETER DIANGI, in providing security;

> e.      negligently hired the Defendant, PETER DIANGI, as a security officer.

8.      In addition to the aforesaid negligent acts and/or omissions, the Defendant, SILVER LAKE, is vicariously liable for the negligent acts and/or omissions of the Defendant, PETER DIANGI, as alleged in Count XIV above.

9.      As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

10.      The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, SILVER LAKE, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XVIII – BATTERY

### (George Terrell v. Orland Park)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XIV, as though fully set forth herein and incorporate the same by reference.

14.    The conduct and force used by PETER DIANGI as stated herein was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights.  Moreover, the use of force used against the Plaintiff was excessive.

15.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

16.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

17.    The Defendant, ORLAND PARK, is vicariously liable for the actionable conduct of its employees, agents, and/or servants, including PETER DIANGI.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, ORLAND PARK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XIX – ASSAULT

### (George Terrell v. Orland Park)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XV, as though fully set forth herein and incorporate the same by reference.

14.     The conduct of Defendant, ORLAND PARK, by and through its employee and/or agent, PETER DIANGI, placed Plaintiff, GEORGE TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting him mentally, emotionally and psychologically.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, ORLAND PARK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XX – WILLFUL & WANTON

### (George Terrell v. Peter Diangi)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XVI, as though fully set forth herein and incorporate the same by reference.

14.     Pursuant to 745 ILCS 10/2-202, police officers are liable for injuries resulting from their willful and wanton acts or omissions while engaged in the execution or enforcement of the law.

15.     At all times set forth in paragraphs 1 – 13, PETER DIANGI, knew that the Plaintiff, GEORGE TERRELL, was legally upon the premises of Silver Lake Country Club.

16.     At all times set forth in paragraphs 1 – 13, GEORGE TERRELL was engaged in the execution or enforcement of the law when he grabbed and/or struck the Plaintiff, GEORGE TERRELL.  Moreover, PETER DIANGI engaged in willful and wanton conduct during said

execution or enforcement of the law by using excessive force in attempting to arrest GEORGE TERRELL.

17.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

18.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XXI – WILLFUL & WANTON

### (George Terrell v. Orland Park)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XVII, as though fully set forth herein and incorporate the same by reference.

14.    Pursuant to 745 ILCS 10/2-202, municipalities are liable for injuries resulting from willful and wanton acts or omissions of police officers while engaged in the execution or enforcement of the law.

15.    At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the Plaintiff, GEORGE TERRELL, was lawfully upon the premises of Silver Lake Country Club.

16.    At all times set forth in paragraphs 1 – 13, PETER DIANGI was engaged in the execution or enforcement of the law on behalf when he grabbed and/or struck the Plaintiff, GEORGE TERRELL. Moreover, PETER DIANGI engaged in willful and wanton conduct

during said execution or enforcement of the law by using excessive force in attempting to arrest GEORGE TERRELL.

17.     As a result of the aforementioned conduct of the ORLAND PARK, by and through its employee and/or agent, PETER DIANGI, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

18.     The Plaintiff's injuries were the proximate result of ORLAND PARK aforementioned conduct.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendant, VILLAGE OF ORLAND PARK, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

## COUNT XXII – 42 U.S.C. §1983

### (George Terrell)

1. through 13.  Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 13 inclusive of Count XVIII, as though fully set forth herein and incorporate the same by reference.

13.     At all times set forth in paragraphs 1 – 13, PETER DIANGI knew that the Plaintiff, GEORGE TERRELL, was legally upon the premises of Silver Lake Country Club.

14.     At all times set forth in paragraphs 1 – 13, PETER DIANGI was engaged in the execution or enforcement of the law, and was acting under the color of authority when he engaged in the conduct alleged herein, and when he arrested the Plaintiff, GEORGE TERRELL.

15.     The conduct engaged in by GEORGE TERRELL was intentional, malicious, and with deliberate indifference to the Plaintiff's rights under the Constitution.

16.     The conduct of the Defendants deprived the Plaintiff of the following rights, privileges, and immunities secured to him by the Constitution of the United States:

a.     The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States (Art. IV, U.S. Constitution, Art. XIV, U.S. Constitution.); and

b.     The right of Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment of the Constitution of the United States (Art. XIV, U.S. Constitution).

17.     Prior to March 18, 2006, ORLAND PARK failed to properly train and supervise its officers, including, but not limited to GEORGE TERRELL regarding proper procedures to be used in apprehending a suspect, including the proper use of force.

18.     In addition, prior to March 18, 2006, ORLAND PARK failed to discipline its officers, including, but not limited to PETER DIANGI, following excessive use of force by police such that its officers, including, but not limited to PETER DIANGI, were led to believe that the consequences of failing to follow proper procedure in the exercise of force were minimal or nonexistent.

19.     As a result of the failure of ORLAND PARK to properly train, supervise and discipline its officers, including, but not limited to OF PETER DIANGI, the Plaintiff suffered serious injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

20.     The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

WHEREFORE, the Plaintiff, GEORGE TERRELL, respectfully requests judgment against the Defendants, VILLAGE OF ORLAND PARK and PETER DIANGI, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court might deem appropriate.

Respectfully submitted,


By: _____
                David L. Goldberg
        One of the attorneys for the Plaintiffs


RUBIN, MACHADO & ROSENBLUM LTD
Attorneys for Plaintiffs
ANDREW TERRELL and GEORGE TERRELL
120 West Madison Street, Suite 400
Chicago, Illinois 60602
(312) 327-1840