## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW TERRELL and GEORGE TERRELL, | ) ) | |
| Plaintiffs, | ) | |
| | ) | **08 cv 2430** |
| v. | ) | **JUDGE MAROVICH** |
| | ) | **MAG. JUDGE COX** |
| PETER J. DiANGI, Individually and as | ) | |
| Employee or Agent of Silver Lake | ) | |
| Country Club, Inc. and as Police Officer | ) | |
| of Orland Park, a Municipal Corp., | ) | |
| SILVER LAKE COUNTRY CLUB, INC.,) | | |
| and VILLAGE OF ORLAND PARK, a | ) | |
| Municipal Corp., | ) | |
| Defendants. | ) | |

### ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AT LAW

Defendants, PETER J. DiANGI, Individually and as Employee or agent of Silver Lake Country Club, Inc. and SILVER LAKE COUNTRY CLUB, INC., by and through their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP and for their Answer to Plaintiffs' Amended Complaint at Law, state as follows:

### COMMON FACTUAL ALLEGATIONS

1.      At all times relevant herein, the Plaintiffs, ANDREW TERRELL and GEORGE TERRELL were residents of the County of Cook and State of Illinois.

**ANSWER:**     Defendant has insufficient knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint at Law, and, therefore, neither admits nor denies said allegations, but demands strict proof thereof.

2.      At all times relevant herein, the Defendant, PETER DiANGI, was a resident of the County of Cook and State of Illinois.

**ANSWER:**     Defendant, Peter DiAngi, admits the allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint at Law.

3.     At all times relevant herein, the Defendant, PETER DiANGI, was employed by the Defendant, SILVER LAKE, as a security guard.

**ANSWER:**     Defendants, admit only that Peter DiAngi was employed by the Defendant, Silver Lake, as a security guard on the date of the incident alleged in Plaintiffs' Amended Complaint at Law.  Further answering, Defendants have insufficient knowledge with which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint at Law, and, therefore, neither admits nor denies said allegations, but demands strict proof thereof.

4.     At all times relevant herein, the Defendant, PETER DiANGI, was employed by the Defendant, ORLAND PARK, as a police officer.

**ANSWER:**     Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., states that the allegations set forth in Paragraph 4 are conclusions of law or a fact and therefore require no answer.  Further answering, to the extent any factual allegations are alleged, Defendants, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., deny such allegations.

5.     At all times relevant herein, the Defendant, SILVER LAKE, was a duly licensed corporation, incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois.

**ANSWER:**     Defendant, Silver Lake, admits the allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint at Law.  Further answering, Defendants, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., have insufficient knowledge with which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint at Law, and, therefore, neither admits nor denies said allegations, but demands strict proof thereof.

6.     On or about March 18, 2006, the Plaintiff, ANDREW TERRELL, and his fiancé were married at Queen of Martyrs Church in Evergreen Park. Immediately after the wedding ceremony, the Plaintiff, ANDREW TERRELL, his fiancé, and various other members of the

2

wedding guests, including Plaintiff GEORGE TERRELL, attended a wedding reception at Silver

Lake Country Club.

**ANSWER:** Defendants admit only that Andrew Terrell, his fiancé and George Terrell attended a wedding reception at Silver Lake Country Club on or about March 18, 2006. Further answering, Defendants have insufficient knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint at Law, and, therefore, neither admits nor denies said allegations, but demands strict proof thereof.

7. The Defendant, PETER DiANGI, grabbed the Plaintiff, ANDREW TERRELL, by the arm.

**ANSWER:** Defendants deny the allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint at Law.

8. Prior to (sic) grabbing the Plaintiff, ANDREW TERRELL, the Defendant, PETER DiANGI, did not identify himself as security guard or other employee of SILVER LAKE, nor did he identify himself as a police officer.

**ANSWER:** Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint at Law.

9. Subsequent to grabbing the Plaintiff, ANDREW TERRELL, the Defendant, PETER DiANGI, grabbed ANDREW TERRELL by the neck. A melee ensued as wedding guests attempted to defend the Plaintiff, ANDREW TERRELL.

**ANSWER:** Defendants deny the allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint at Law.

10. At all relevant times, the Defendant, PETER DiANGI, was dressed in "plain clothes", and was not wearing a police uniform.

**ANSWER:** Defendant admits the allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint at Law.

11. As a result of the aforesaid melee, the Plaintiffs, ANDREW TERRELL, and GEORGE TERRELL, were arrested and charged with battery.

504739.1

**ANSWER:**     Defendants admit, upon information and belief, that Andrew Terrell and George Terrell were arrested and charged with battery.  Further answering, Defendants deny the remainder of the allegations contained in Paragraph 11 of Plaintiffs' Amended Complaint at Law.

12.     The arrests of the Plaintiff were made under false pretenses, given that the Defendant, PETER DiANGI, instigated the events leading to the aforesaid arrests.

**ANSWER:**     Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., denies the allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint at Law.  Further answering, Defendant, Silver Lake Country Club, has insufficient knowledge with which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint at Law, and, therefore, neither admits nor denies said allegations, but demands strict proof thereof.

13.     The Defendant, PETER DiANGI, engaged in conduct against the Plaintiffs, which conduct included striking the Plaintiffs, grabbing the Plaintiffs, and spraying the Plaintiffs with pepper spray.

**ANSWER:**     Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., admits only that he defended himself from Plaintiffs' attacks on him and was justified in his actions because he feared for his safety and life.  Further answering, Defendant denies the remainder of the allegations contained in Paragraph 13 of Plaintiffs' Amended Complaint at Law.

## COUNT I – BATTERY

### (Andrew Terrell v. Peter DiAngi)

1-13.     Plaintiff adopts and realleges Paragraphs 1 – 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 -13 inclusive of Count I, as though fully set forth herein and incorporated the same by reference.

**ANSWER:**     Defendant, Peter DiAngi, restates and realleges his answers contained in Paragraphs 1 through 13 of Count I of Plaintiffs' Amended Complaint at Law as if set forth fully herein.

4

504739.1

14.     The conduct and force used by PETER DiANGI toward the Plaintiff, ANDREW TERRELL, was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights. Moreover, the use of force used against the Plaintiff was excessive.

**ANSWER:**     Defendant, Peter DiAngi, denies the allegations contained in Paragraph 14 of Count I of Plaintiffs' Amended Complaint at Law.

15.     As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:**     Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., denies the "aforementioned conduct" against Andrew Terrell. Further answering, Peter DiAngi is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of Count I of Plaintiffs' Amended Complaint at Law and hereby denies same.

16.     The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER:**     Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., denies the allegations contained in Paragraph 16 of Count I of Plaintiffs' Amended Complaint at Law.

**WHEREFORE**, Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., respectfully requests that this Court enter an order dismissing Plaintiffs' Amended Complaint at Law with prejudice and without costs, and for any other relief that this Court deems just and appropriate.

## COUNT II – ASSAULT

### (Andrew Terrell v. Peter DiAngi)

1-13.   Plaintiff adopts and realleges Paragraphs 1 – 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 -13 inclusive of Count II, as though fully set forth herein and incorporated the same by reference.

5

**ANSWER:**     Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., restates and realleges his answers contained in Paragraphs 1 through 13 of Count II of Plaintiffs' Amended Complaint at Law as if set forth fully herein.

14.     The Defendants' conduct placed Plaintiff, ANDREW TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting her mentally, emotionally and psychologically.

**ANSWER:**     Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., denies the allegations contained in Paragraph 14 of Count II of Plaintiffs' Amended Complaint at Law.

**WHEREFORE**, Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., respectfully requests that this Court enter an order dismissing Plaintiffs' Amended Complaint at Law with prejudice and without costs, and for any other relief that this Court deems just and appropriate.

## COUNT III – NEGLIGENCE

### (Andrew Terrell v. Peter DiAngi)

1.     At all times relevant herein, the Defendant, PETER DiANGI, was employed by the Defendant, SILVER LAKE, as a security guard.

**ANSWER:**     Defendant, Peter DiAngi, admits that he was employed by Silver Lake Country Club during Andrew Terrell's wedding reception at Silver Lake Country Club located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook and State of Illinois. Further answering, Defendant denies the remainder of the allegations contained in Paragraph 1 of Count III of Plaintiffs' Amended Complaint at Law.

2.     At all times relevant herein, the Defendant, SILVER LAKE, was a duly licensed corporation, incorporated in the State of Illinois and doing business as Silver Lake Country Club

504739.1

and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois.

**ANSWER:**     Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., has insufficient knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of Count III of Plaintiffs' Amended Complaint at Law.

3.     On or about March 18, 2006, the Plaintiff, ANDREW TERRELL, and his fiancé were married at Queen of Martyrs Church in Evergreen Park. Immediately after the wedding ceremony, the Plaintiff, ANDREW TERRELL, his fiancé, and various other members of the wedding guests, including Plaintiff GEORGE TERRELL, attended a wedding reception at Silver Lake Country Club.

**ANSWER:**     Defendant has insufficient knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Count III of Plaintiffs' Amended Complaint at Law, and, therefore, neither admits nor denies said allegations, but demands strict proof thereof.

4.     During the course of the reception, the Defendant, PETER DiANGI, was engaged in his ordinary duties as a security guard and was working in his capacity as employee or agent of the Defendant, SILVER LAKE.

**ANSWER:**     Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., admits that he was engaged in his employment as a security guard at Silver Lake during the reception.   Defendant denies the remainder of the allegations contained in Paragraph 4 of Count III of Plaintiffs' Amended Complaint at Law Defendant.

5.     At all times relevant herein, the Defendant PETER DiANGI owed a duty of ordinary care to the Plaintiff while performing his tasks as a security officer.

**ANSWER:**     Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., admits to all duties imposed by law and denies any were breached.

6.     On March 18, 2006, the Defendant, PETER DiANGI, breached his aforesaid duty by engaging in one or more of the following negligent acts or omissions:

      a.      negligently failed to identify himself as a security guard or employee of Silver Lake;

      b.      negligently pushed the Plaintiff;

      c.      negligently sprayed the Plaintiff with pepper spray;

      d.      negligently attempted to physically restrain the Plaintiff; and/or

      e.      was otherwise negligent.

**ANSWER:**    Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., denies the allegations contained in Paragraph 6 a through e inclusive of Count III of Plaintiffs' Amended Complaint at Law.

    7.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:**    Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., denies he engaged in the "aforementioned conduct". Further answering, Defendant is without knowledge to form a belief as to the truth of the allegations contained in Paragraph 7 of Count III of Plaintiffs' Amended Complaint at Law.

    8.    The Plaintiff's injuries were the proximate result of the Defendant's aforementioned conduct.

**ANSWER:**    Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., denies the allegations contained in Paragraph 8 of Count III of Plaintiffs' Amended Complaint at Law.

    **WHEREFORE**, Defendant, PETER DiANGI, individually and as employee of Silver Lake Country Club, Inc., respectfully requests that this Court enter an order dismissing Plaintiffs' Amended Complaint at Law with prejudice and without costs, and for any other relief that this Court deems just and appropriate.

504739.1

## COUNT IV – BATTERY

### (Andrew Terrell v. Silver Lake)

1-13.   Plaintiff adopts and realleges Paragraphs 1 – 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 -13 inclusive of Count III, as though fully set forth herein and incorporated the same by reference.

**ANSWER:**   Defendant, Silver Lake, restates and realleges its answers contained in Paragraphs 1 through 13 of Count III of Plaintiffs' Amended Complaint at Law as if set forth fully herein.

14.   The conduct and force used by PETER DiANGI toward the Plaintiff, ANDREW TERRELL, was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights.  Moreover, the use of force used against the Plaintiff was excessive.

**ANSWER:**   Defendant, Silver Lake, denies the allegations contained in Paragraph 14 of Count IV of Plaintiffs' Amended Complaint at Law.

15.   At all times relevant herein the Defendant, PETER DiANGI, was engaged in his ordinary duties as a security guard and was working in his capacity as employee or agent of the Defendant, SILVER LAKE.

**ANSWER:**   Defendant, Silver Lake admits that Peter DiAngi was engaged in his duties as a security guard and employee of Silver Lake Country Club on the date of the reception described in Plaintiffs' Amended Complaint at Law.  Further answering, Defendant denies the remainder of the allegations contained in Paragraph 15 of Count IV of Plaintiffs' Amended Complaint at Law.

16.   At all times set forth in paragraph 1 – 13, PETER DiANGI, knew that the Plaintiff, ANDREW TERRELL, was legally upon the premises of Silver Lake Country Club.

**ANSWER:**   Defendant, Silver Lake, is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of Count IV of Plaintiffs' Amended Complaint.

504739.1

17.     The Defendant's conduct in striking the Plaintiff and spraying the Plaintiff with mace was unjustified and excessive.

**ANSWER:**     Defendant, Silver Lake, denies the allegations contained in Paragraph 17 of Count IV of Plaintiffs' Amended Complaint at Law.

18.     As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries.  Plaintiff also incurred medical expenses and other damage, including physical and emotional pain and suffering.

**ANSWER:**     Defendant, Silver Lake, denies it or Peter DiAngi engaged in the "aforementioned conduct".  Further answering, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 18 of Count IV of Plaintiffs' Amended Complaint.

19.     The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER:**     Defendant, Silver Lake, denies the allegations contained in Paragraph 19 of Count IV of Plaintiffs' Amended Complaint at Law.

20.     The Defendant, SILVER LAKE, is vicariously liable for the actions and conduct of PETER DiANGI.

**ANSWER:**     Defendant makes no answer to this allegation as it seeks a legal conclusion of law and leaves all questions of law to the Court.

**WHEREFORE**, Defendant, SILVER LAKE, respectfully requests that this Court enter an order dismissing Plaintiffs' Amended Complaint at Law with prejudice and without costs, and for any other relief that this Court deems just and appropriate.

## COUNT V – ASSAULT

**(Andrew Terrell v. Silver Lake)**

504739.1

1-13.    Plaintiff adopts and realleges Paragraphs 1 – 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 -13 inclusive of Count IV, as though fully set forth herein and incorporated the same by reference.

**ANSWER:**    Defendant, Silver Lake, restates and realleges its answers contained in Paragraphs 1 through 13 of Count IV of Plaintiffs' Amended Complaint at Law as if set forth fully herein.

14.    The conduct of Defendant, SILVER LAKE, by and through its employee and agent, PETER DiANGI, placed Plaintiff, ANDREW TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting them mentally, emotionally and psychologically.

**ANSWER:**    Defendant, Silver Lake, denies the allegations contained in Paragraph 14 of Count V of Plaintiffs' Amended Complaint at Law.

**WHEREFORE**, Defendant, SILVER LAKE, respectfully requests that this Court enter an order dismissing Plaintiffs' Amended Complaint at Law with prejudice and without costs, and for any other relief that this Court deems just and appropriate.

## COUNT VI - NEGLIGENCE

### (Andrew Terrell v. Silver Lake)

1.    At all times relevant herein, the Defendant, SILVER LAKE, was a duly licensed corporation, incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois.

**ANSWER:**    Defendant, Silver Lake, admits that it was a duly licensed corporation incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois during Andrew Terrell's wedding reception on March 18, 2006 in the evening.

504739.1

2.      Prior to March 18, 2006, the Defendant, SILVER LAKE, hired and employed the

Defendant PETER DiANGI, as a security guard at the Silver Lake Country Club.

**ANSWER:**    Defendant, Silver Lake, admits that Peter DiAngi was working as a security guard and performing his duties as an employee of Silver Lake Country Club on and before March 18, 2006.

3.      On or about March 18, 2006, the Defendant, PETER DiANGI, was working as a

security guard and performing his ordinary duties as an employee or agent of the Defendant,

SILVER LAKE.

**ANSWER:**    Defendant, Silver Lake, admits that Peter DiAngi on or about March 18, 2006 was working and performing his duties as a security guard and employee of Defendant, Silver Lake.  Further answering, Defendant denies the remainder of the allegations contained in Paragraph 3 of Count VI of Plaintiffs' Amended Complaint at Law and hereby denies same.

4.      On or about March 18, 2006, the Plaintiff, ANDREW TERRELL, and his fiancé

were married at Queen of Martyrs Church in Evergreen Park. Immediately after the wedding

ceremony, the Plaintiff, ANDREW TERRELL, his fiancé, and various other members of the

wedding guests, including Plaintiff GEORGE TERRELL, attended a wedding reception at Silver

Lake Country Club.

**ANSWER:**    Defendant has insufficient knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Count VI of Plaintiffs' Amended Complaint at Law, and, therefore, neither admits nor denies said allegations, but demands strict proof thereof.

5.      During the course of the reception, the Defendant, PETER DiANGI, was engaged

in his ordinary duties as a security guard and was working in his capacity as employee or agent

of the Defendant, SILVER LAKE.

**ANSWER:**    Defendant, Silver Lake, admits that Peter DiAngi was engaged in his duties as a security guard and working in his capacity as an employee of Defendant, Silver Lake, on March 18, 2006 and at the time of the reception.  Further answering, Defendant denies the remainder of the allegations contained in Paragraph 5 of Count VI of Plaintiffs' Amended Complaint at Law.

504739.1

6.     At all times relevant herein, the Defendant, SILVER LAKE, through its employees and agents, including PETER DiANGI, owed duties of ordinary care to the Plaintiff to hire well-qualified security personnel, and to ensure that the security acted appropriately when providing security.

**ANSWER:**     Defendant, Silver Lake, admits to all duties imposed by law and denies any were breached by it or its employees on March 18, 2006.  Further answering, Defendant denies the remainder of the allegations contained in Paragraph 6 of Count VI of Plaintiffs' Amended Complaint at Law.

7.     On March 18, 2006, the Defendant, SILVER LAKE, through its employees and/or agents, including the Defendant, PETER DiANGI, breached its aforesaid duties to the Plaintiff by engaging in one or more of the following negligent acts or omissions:

>    a.     negligently failed to properly train the Defendant, PETER DiANGI, as a security guard responsible for providing security to patron during social events at SILVER LAKE;
>
>    b.     negligently failed to adequately supervise the Defendant, PETER DiANGI, during the performance of his duties as a security guard;
>
>    c.     negligently permitted the Defendant, PETER DiANGI, to work as a security guard without sufficient assistance or supervision;
>
>    d.     negligently failed to provide adequate security personnel to assist the Defendant, PETER DiANGI, in providing security;
>
>    e.     negligently hired the Defendant, PETER DiANGI, as a security officer.

**ANSWER:**     Defendant, Silver Lake, denies the allegations contained in Paragraph 7 of Count VI of Plaintiffs' Amended Complaint at Law

8.     In addition to the aforesaid negligent acts and/or omissions, the Defendant, SILVER LAKE, is vicariously liable for the negligent acts and/or omissions of the Defendant, PETER DiANGI, as alleged in Count III above.

**ANSWER:**     Defendant, Silver Lake, makes no answer to the allegations contained in Paragraph 8 of Count VI of Plaintiffs' Amended Complaint at Law as it states a

legal conclusion and leaves all questions of law to the Court.  Further answering, to the extent any of the allegations are beyond a legal conclusion they are denied.

9.     As a result of the aforementioned conduct of the Defendant, the Plaintiff suffered serious physical injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:**     Defendant, Silver Lake, denies that it or Peter DiAngi engaged in the "aforementioned conduct".  Further answering, Defendant, Silver Lake, is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 of Count VI of Plaintiffs' Amended Complaint at Law and hereby denies same.

10.     The Plaintiff's injuries were the proximate result of the Defendant's aforementioned conduct.

**ANSWER:**     Defendant, Silver Lake, denies the allegations contained in Paragraph 10 of Count VI of Plaintiffs' Amended Complaint at Law.

**WHEREFORE**, Defendant, SILVER LAKE, respectfully requests that this Court enter an order dismissing Plaintiffs' Amended Complaint at Law with prejudice and without costs, and for any other relief that this Court deems just and appropriate.

## COUNT VII – BATTERY

### (Andrew Terrell v. Orland Park)

Defendants make no response to the allegations contained in Count VII as said allegations are not directed toward these Defendants and no relief is sought in Count VII from these Defendants.  To the extent that any allegations in Count VII can be construed against these Defendants, they are specifically denied.

## COUNT VIII – ASSAULT

### (Andrew Terrell v. Orland Park)

504739.1

Defendants make no response to the allegations contained in Count VIII as said allegations are not directed toward these Defendants and no relief is sought in Count VIII from these Defendants.  To the extent that any allegations in Count VII can be construed against these Defendants, they are specifically denied.

### COUNT IX – WILLFUL & WANTON

#### (Andrew Terrell v. Peter DiAngi)

Defendant, Peter DiAngi individually and as an employee of Silver Lake Country Club, makes no response to the allegations contained in Count IX as said allegations are not directed toward him in this capacity and no relief is sought in Count IX from him.  To the extent that any of the allegations contained in Count IX can be construed against Peter DiAngi in his capacity as individual or employee of Silver Lake Country Club, they are specifically denied.

### COUNT X – WILLFUL & WANTON

#### (Andrew Terrell v. Orland Park)

Defendants make no response to the allegations contained in Count X as said allegations are not directed toward these Defendants and no relief is sought in Count X from these Defendants.  To the extent that any allegations in Count X can be construed against these Defendants, they are specifically denied.

### COUNT XI – 42 U.S.C. §1983

#### (Andrew Terrell)

Defendant, Peter DiAngi individually and as an employee of Silver Lake Country Club, makes no response to the allegations contained in Count IX as said allegations are not directed toward him in this capacity and no relief is sought in Count IX from him.  To the extent that any

of the allegations contained in Count IX can be construed against Peter DiAngi in his capacity as

individual or employee of Silver Lake Country Club, they are specifically denied.


## COUNT XII – BATTERY

### (George Terrell v. Peter DiAngi)

1-13.   Plaintiff adopts and realleges Paragraphs 1 – 13 inclusive of the COMMON

FACTUAL ALLEGATIONS section as and for Paragraphs 1 -13 inclusive of Count X, as

though fully set forth herein and incorporated the same by reference.

**ANSWER**:   Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., restates and realleges his answers contained in Paragraphs 1 through 13 of Count XII of Plaintiffs' Amended Complaint at Law as if set forth fully herein.

14.   The conduct and force used by PETER DiANGI toward the Plaintiff, GEORGE

TERRELL, was intentional, malicious, excessive and in reckless disregard of the Plaintiffs'

constitutional rights.  Moreover, the use of force used against the Plaintiff was excessive.

**ANSWER**:   Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., denies the allegations contained in Paragraph 14 of Count XII of Plaintiffs' Amended Complaint at Law.

15.   As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered

serious physical injuries.  Plaintiff also incurred medical expenses and other damages, including

physical and emotional pain and suffering.

**ANSWER**:   Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., denies in the "aforementioned conduct".  Further answering, Peter DiAngi is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of Count XII of Plaintiffs' Amended Complaint at Law and hereby denies same.

16.   The Plaintiff's injuries were the proximate result of Defendant's aforementioned

conduct.

**ANSWER**:    Defendant, Peter DiAngi individually and as employee of Silver Lake Country Club, Inc., denies the allegations contained in Paragraph 14 of Count XII of Plaintiffs' Amended Complaint at Law.

**WHEREFORE**, Defendant, PETER DiANGI, respectfully requests that this Court enter an order dismissing Plaintiffs' Amended Complaint at Law with prejudice and without costs, and for any other relief that this Court deems just and appropriate.

## COUNT XIII – ASSAULT

### (George Terrell v. Peter DiAngi)

1-13.    Plaintiff adopts and realleges Paragraphs 1 – 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 -13 inclusive of Count XI, as though fully set forth herein and incorporated the same by reference.

**ANSWER**:    Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., restates and realleges his answers contained in Paragraphs 1 through 13 of the  common allegations  and all paragraphs Count XI of Plaintiffs' Amended Complaint at Law as if set forth fully herein.

14.    The Defendants' conduct placed Plaintiff, GEORGE TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting her mentally, emotionally and psychologically.

**ANSWER**:    Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., denies the allegations contained in Paragraph 14 of Count XII of Plaintiffs' Amended Complaint at Law.

**WHEREFORE**, Defendant, PETER DiANGI, respectfully requests that this Court enter an order dismissing Plaintiffs' Amended Complaint at Law with prejudice and without costs, and for any other relief that this Court deems just and appropriate.

## COUNT XIV – NEGLIGENCE

### (George Terrell v. Peter DiAngi)

17

1.      At all times relevant herein, the Defendant, PETER DiANGI, was employed by the Defendant, SILVER LAKE, as a security guard.

**ANSWER**:      Defendant, Peter DiAngi admits that he was employed by Silver Lake Country Club during Andrew Terrell's wedding reception at Silver Lake Country Club located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook and State of Illinois.  Further answering, Defendant denies the remainder of the allegations contained in Paragraph 1 of Count XIV of Plaintiffs' Amended Complaint at Law.

2.      At all times relevant herein, the Defendant, SILVER LAKE, was a duly licensed corporation, incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois.

**ANSWER**:      Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., denies the allegations contained in Paragraph 2 of Count XIV of Plaintiffs' Amended Complaint at Law.

3.      On or about March 18, 2006, the Plaintiff, ANDREW TERRELL, and his fiancé were married at Queen of Martyrs Church in Evergreen Park. Immediately after the wedding ceremony, the Plaintiff, ANDREW TERRELL, his fiancé, and various other members of the wedding guests, including Plaintiff GEORGE TERRELL, attended a wedding reception at Silver Lake Country Club.

**ANSWER**:      Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 3 of Count XIV of Plaintiffs' Amended Complaint at Law and hereby denies same.

4.      During the course of the reception, the Defendant, PETER DiANGI, was engaged in his ordinary duties as a security guard and was working in his capacity as employee or agent of the Defendant, SILVER LAKE.

**ANSWER**:      Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., admits that he was employed as a security guard at Silver Lake and

18

was employed by it during the reception.  Defendant denies the remainder of the allegations contained in Paragraph 4 of Count XIV of Plaintiffs' Amended Complaint at Law.

5.      At all times relevant herein, the Defendant PETER DiANGI owed a duty of

ordinary care to the Plaintiff while performing his tasks as a security officer.

**ANSWER**:    Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., admits to all duties imposed by law and denies any were breached.

6.      On March 18, 2006, the Defendant, PETER DiANGI, breached his aforesaid duty

by engaging in one or more of the following negligent acts or omissions:

       a.      negligently failed to identify himself as a security guard or employee of Silver Lake;

       b.      negligently pushed the Plaintiff;

       c.      negligently sprayed the Plaintiff with pepper spray;

       d.      negligently attempted to physically restrain the Plaintiff; and/or

       e.      was otherwise negligent.

**ANSWER**:    Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., denies the allegations contained in Paragraph 6 a through e inclusive of Count XIV of Plaintiffs' Amended Complaint at Law.

7.      As a result of the aforesaid conduct of the Defendants, the Plaintiff suffered

serious physical injuries.  Plaintiff also incurred medical expenses and other damages, including

physical and emotional pain and suffering.

**ANSWER**:    Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., denies he engaged in the "aforementioned conduct".  Further answering, Peter DiAngi is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 7 of Count XIV of Plaintiffs' Amended Complaint at Law and hereby denies same.

8.      The Plaintiff's injuries were the proximate result of the Defendant's

aforementioned conduct.

**ANSWER**:      Defendant, Peter DiAngi, individually and as employee of Silver Lake Country Club, Inc., denies the allegations contained in Paragraph 8 of Count XIV of Plaintiffs' Amended Complaint at Law.

    **WHEREFORE**, Defendant, PETER DiANGI, respectfully requests that this Court enter an order dismissing Plaintiffs' Amended Complaint at Law with prejudice and without costs, and for any other relief that this Court deems just and appropriate.

## COUNT XV – BATTERY

### (George Terrell v. Silver Lake)

    1-13.    Plaintiff adopts and realleges Paragraphs 1 – 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 -13 inclusive of Count XII, as though fully set forth herein and incorporated the same by reference.

**ANSWER:**      Defendant, Silver Lake, restates and realleges its answers contained in Paragraphs 1 through 13 of the common allegations and Count XII of Plaintiffs' Amended Complaint at Law as if set forth fully herein.

    14.    The conduct and force used by PETER DiANGI toward the Plaintiff, GEORGE TERRELL, was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights.  Moreover, the use of force used against the Plaintiff was excessive.

**ANSWER:**      Defendant, Silver Lake, denies the allegations contained in Paragraph 14 of Count XV of Plaintiffs' Amended Complaint at Law.

    15.    At all times relevant herein the Defendant, PETER DiANGI, was engaged in his ordinary duties as a security guard and was working in his capacity as employee or agent of the Defendant, SILVER LAKE.

**ANSWER:**      Defendant, Silver Lake, admits that Peter DiAngi was engaged in the ordinary duties as a security guard and employee of Silver Lake Country Club on the date of the reception described in Plaintiffs' Amended Complaint at Law.  Further answering, Defendant denies the remainder of the allegations contained in Paragraph 15 of Count XV of Plaintiffs' Amended Complaint at Law.

16.    At all times set forth in paragraph 1 – 13, PETER DiANGI, knew that the Plaintiff, GEORGE TERRELL, was leally upon the premises of Silver Lake Country Club.

**ANSWER:**    Defendant, Silver Lake, is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of Count XV of Plaintiffs' Amended Complaint at Law.

17.    The Defendant's conduct in striking the Plaintiff and spraying the Plaintiff with mace was unjustified and excessive.

**ANSWER:**    Defendant, Silver Lake, denies the allegations contained in Paragraph 17 of Count XV of Plaintiffs' Amended Complaint at Law.

18.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries.  Plaintiff also incurred medical expenses and other damage, including physical and emotional pain and suffering.

**ANSWER:**    Defendant, Silver Lake, denies it engaged in the "aforementioned conduct". Further answering, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 18 of Count XV of Plaintiffs' Amended Complaint at Law and hereby denies same.

19.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER:**    Defendant, Silver Lake, denies the allegations contained in Paragraph 19 of Count XV of Plaintiffs' Amended Complaint at Law          .

20.    The Defendant, SILVER LAKE, is vicariously liable for the actions and conduct of PETER DiANGI.

**ANSWER:**    Defendant makes no answer to this allegation as it seeks a legal conclusion and leaves all questions of law to the Court.

**WHEREFORE**, Defendant, SILVER LAKE, respectfully requests that this Court enter an order dismissing Plaintiffs' Amended Complaint at Law with prejudice and without costs, and for any other relief that this Court deems just and appropriate.

504739.1

## COUNT XVI – ASSAULT

### (George Terrell v. Silver Lake)

1-13.    Plaintiff adopts and realleges Paragraphs 1 - 13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 - 13 inclusive of Count XIII, as though fully set forth herein and incorporated the same by reference.

**ANSWER:**    Defendant, Silver Lake, restates and realleges its answers contained in Paragraphs 1 through 13 of Count XIII of Plaintiffs' Amended Complaint at Law as if set forth fully herein.

14.    The conduct of Defendant, SILVER LAKE, by and through its employee and agent, PETER DiANGI, placed Plaintiff, GEORGE TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting them mentally, emotionally and psychologically.

**ANSWER:**    Defendant, Silver Lake, denies the allegations contained in Paragraph 14 of Count XVI of Plaintiffs' Amended Complaint at Law.

**WHEREFORE**, Defendant, SILVER LAKE, respectfully requests that this Court enter an order dismissing Plaintiffs' Amended Complaint at Law with prejudice and without costs, and for any other relief that this Court deems just and appropriate.

## COUNT XVII  - NEGLIGENCE

### (Andrew Terrell v. Silver Lake)

1.    At all times relevant herein, the Defendant, SILVER LAKE, was a duly licensed corporation, incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois.

504739.1

**ANSWER:**     Defendant, Silver Lake, admits that it was a duly licensed corporation incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois during Andrew Terrell's wedding reception on March 18, 2006 in the evening.

2.     Prior to March 18, 2006, the Defendant, SILVER LAKE, hired and employed the Defendant PETER DiANGI, as a security guard at the Silver Lake Country Club.

**ANSWER:**     Defendant, Silver Lake, admits that Peter DiAngi was working as a security guard and performing his ordinary duties as an employee of Silver Lake Country club on or about March 18, 2006.

3.     On or about March 18, 2006, the Defendant, PETER DiANGI, was working as a security guard and performing his ordinary duties as an employee or agent of the Defendant, SILVER LAKE.

**ANSWER:**     Defendant, Silver Lake, admits that Peter DiAngi on or about March 18, 2006 was working and performing his duties as a security guard and employee of Defendant, Silver Lake.  Further answering, Defendant denies the remainder of the allegations contained in Paragraph 3 of Count XVII of Plaintiffs' Amended Complaint at Law.

4.     On or about March 18, 2006, the Plaintiff, ANDREW TERRELL, and his fiancé were married at Queen of Martyrs Church in Evergreen Park. Immediately after the wedding ceremony, the Plaintiff, ANDREW TERRELL, his fiancé, and various other members of the wedding guests, including Plaintiff GEORGE TERRELL, attended a wedding reception at Silver Lake Country Club.

**ANSWER:**     Defendant has insufficient knowledge with which to form a belief as to the truth of falsity of the allegations contained in Paragraph 4 of Count XVII of Plaintiffs' Amended Complaint at Law and therefore neither admits nor denies said allegations, but demands strict proof thereof.

5.     During the course of the reception, the Defendant, PETER DiANGI, was engaged in his ordinary duties as a security guard and was working in his capacity as employee or agent of the Defendant, SILVER LAKE.

504739.1

**ANSWER:**  Defendant, Silver Lake, admits that Peter DiAngi was engaged in his duties as a security guard and working in his capacity as an employee of Defendant, Silver Lake, on March 18, 2006 and at the time of the reception.  Further answering, Defendant denies the remainder of the allegations contained in Paragraph 5 or Count XVII of Plaintiffs' Amended Complaint at Law.

6.     At all times relevant herein, the Defendant, SILVER LAKE, through its employees and agents, including PETER DiANGI, owed duties of ordinary care to the Plaintiff to hire well-qualified security personnel, and to ensure that the security acted appropriately when providing security.

**ANSWER:**  Defendant, Silver Lake, admits to all duties imposed by law and denies any were breached by it or its employees on March 18, 2006.  Further answering, Defendant denies the remainder of the allegations contained in Paragraph 6 of Count XVII of Plaintiffs' Amended Complaint at Law.

7.     On March 18, 2006, the Defendant, SILVER LAKE, through its employees and/or agents, including the Defendant, PETER DiANGI, breached its aforesaid duties to the Plaintiff by engaging in one or more of the following negligent acts or omissions:

a.     negligently failed to properly train the Defendant, PETER DiANGI, as a security guard responsible for providing security to patron during social events at SILVER LAKE;

b.     negligently failed to adequately supervise the Defendant, PETER DiANGI, during the performance of his duties as a security guard;

c.     negligently permitted the Defendant, PETER DiANGI, to work as a security guard without sufficient assistance or supervision;

d.     negligently failed to provide adequate security personnel to assist the Defendant, PETER DiANGI, in providing security;

e.     negligently hired the Defendant, PETER DiANGI, as a security officer.

**ANSWER:**  Defendant, Silver Lake, denies the allegations contained in Paragraph 7 a through e inclusive of Count XVII of Plaintiffs' Amended Complaint at Law

504739.1

8.       In addition to the aforesaid negligent acts and/or omissions, the Defendant, SILVER LAKE, is vicariously liable for the negligent acts and/or omissions of the Defendant, PETER DiANGI, as alleged in Count XIV above.

**ANSWER:**     Defendant, Silver Lake, makes no answer to the allegations contained in paragraph 8 of Count XVII of Plaintiffs' Amended Complaint at Law as it states a legal conclusion and leaves all questions of law to the Court.  Further answering, to the extent any of the allegations are beyond a legal conclusion they are denied.

9.       As a result of the aforementioned conduct of the Defendant, the Plaintiff suffered serious physical injuries.  Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:**     Defendant, Silver Lake, denies it engaged in the "aforementioned conduct". Further answering, Silver Lake is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 of Count XVII of Plaintiffs' Amended Complaint at Law and hereby denies same.

10.     The Plaintiff's injuries were the proximate result of the Defendant's aforementioned conduct.

**ANSWER:**     Defendant, Silver Lake, denies the allegations contained in Paragraph 10 of Count XVII of Plaintiffs' Amended Complaint at Law.

**WHEREFORE**, Defendant, SILVER LAKE, respectfully requests that this Court enter an order dismissing Plaintiffs' Amended Complaint at Law with prejudice and without costs, and for any other relief that this Court deems just and appropriate.

## COUNT XVIII – BATTERY

### (George Terrell v. Orland Park)

Defendants make no response to the allegations contained in Count XVIII as said allegations are not directed toward these Defendants and no relief is sought in Count XVIII from these Defendants.  To the extent that any allegations in Count XVIII can be construed against these Defendants, they are specifically denied.

504739.1

### COUNT XIX – ASSAULT

### (George Terrell v. Orland Park)

Defendants make no response to the allegations contained in Count XIX as said allegations are not directed toward these Defendants and no relief is sought in Count XIX from these Defendants.  To the extent that any allegations in Count XIX can be construed against these Defendants, they are specifically denied.

### COUNT XX – WILLFUL & WANTON

### (George Terrell v. Peter DiAngi)

Defendant, Peter DiAngi individually and as an employee of Silver Lake Country Club, makes no response to the allegations contained in Count XX as said allegations are not directed toward him in this capacity and no relief is sought in Count XX from him.  To the extent that any of the allegations contained in Count XX can be construed against Peter DiAngi in his capacity as individual or employee of Silver Lake Country Club, they are specifically denied.

### COUNT XXI – WILLFUL & WANTON

### (George Terrell v. Orland Park)

Defendants make no response to the allegations contained in Count XXI as said allegations are not directed toward these Defendants and no relief is sought in Count XXI from these Defendants.  To the extent that any allegations in Count XXI can be construed against these Defendants, they are specifically denied.

### COUNT XXII  – 42 U.S.C. §1983

504739.1

**(George Terrell)**

Defendant, Peter DiAngi, individually and as an employee of Silver Lake Country Club, makes no response to the allegations contained in Count XXII as said allegations are not directed toward him in this capacity and no relief is sought in Count XXII from him. To the extent that any of the allegations contained in Count XXII can be construed against Peter DiAngi in his capacity as individual or employee of Silver Lake Country Club, they are specifically denied.

## COUNTERCLAIM AGAINST ANDREW TERRELL AND GEORGE TERRELL

### JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. §1331 and the Constitution of the United States.

### COMMON FACTUAL ALLEGATIONS

1.      On March 18, 2006 Counter-Defendants, Andrew Terrell and George Terrell were residents of Cook County, State of Illinois.

2.      On March 18, 2006 Jason Terrell was a resident of Will County, State of Illinois.

3.      On March 18, 2006, Counter-Plaintiff, Peter DiAngi was a resident of Cook County, State of Illinois.

4.      On March 18, 2006 Counter-Plaintiff, Peter DiAngi was employed by Silver Lake Country Club as a security guard.

5.      On March 18, 2006 Counter-Defendant, Andrew Terrell along with his fiancé and relatives, including George Terrell and Jason Terrell attended a wedding reception at Silver Lake Country Club.

504739.1

6.      On March 18, 2006 Counter-Plaintiff, Peter DiAngi, confronted Jason Terrell after he witnessed him giving an alcoholic beverage to members of the reception who were not of legal age to consume alcohol and after learning that Jason Terrell, among others, were engaging in disorderly conduct by entering and urinating in the woman's bathroom at said wedding reception.

7.      Counter-Plaintiff, Peter DiAngi attempted to gain Third-Party Defendant, Jason Terrell's attention by placing his hand on Mr. Terrell's arm.

8.      Jason Terrell therein shoved Peter DiAngi against the wall and began striking him about the face and body.

9.      Counter-Defendants therein began assisting and aiding Jason Terrell in punching, kicking and striking Peter DiAngi about the head and body.

## COUNT I – BATTERY

### (Peter DiAngi v. Andrew Terrell)

1-9.      Counter-Plaintiff, Peter DiAngi, adopts and realleges Paragraph 1 – 9 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 9 inclusive of Count I, as though fully set forth herein and incorporated by reference.

10.      The conduct and force used by Counter-Defendant, Andrew Terrell, towards Peter DiAngi was intentional, malicious, reckless and without justification.

11.      On March 18, 2006, Peter DiAngi was engaged in his duties as a security guard and employee of Silver Lake Country Club.

12.      Counter-Defendant, Andrew Terrell knew or should have known Peter DiAngi was an employee and acting in said scope of his employment for Silver Lake Country Club.

13.     Counter-Defendant, Andrew Terrell's conduct in striking Peter DiAngi was unjustified.

14.     As a result of Counter-Defendant, Andrew Terrell's conduct Peter DiAngi suffered serious injuries.

15.     As a result of Counter-Defendant, Andrew Terrell's conduct Peter DiAngi incurred medical expenses and other damages including physical and emotional pain and suffering.

16.     Peter DiAngi's injuries were the proximate result of the Counter-Defendant, Andrew Terrell's actions and conduct.

**WHEREFORE**, the Counter-Plaintiff, PETER DiANGI, respectfully requests judgment against the Counter-Defendant, ANDREW TERRELL, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court deems just and proper.

## COUNT II – ASSAULT

### (Peter DiAngi v. Andrew Terrell)

1-16.     Counter-Plaintiff, Peter DiAngi, adopts and realleges Paragraph 1 – 16 inclusive of the COMMON FACTUAL ALLEGATIONS section and COUNT I as and for Paragraphs 1 – 16 inclusive of Count II, as though fully set forth herein and incorporated by reference.

17.     Counter-Defendant, Andrew Terrell's conduct placed Peter DiAngi in apprehension of immediate and imminent harm to his wellbeing and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting him mentally, emotionally and psychologically.

29

**WHEREFORE**, the Counter-Plaintiff, PETER DiANGI, respectfully requests judgment against the Counter-Defendant, ANDREW TERRELL, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court deems just and proper.

## COUNT III – BATTERY

### (Peter DiAngi v. George Terrell)

1-9.    Counter-Plaintiff, Peter DiAngi, adopts and realleges Paragraph 1 – 9 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 9 inclusive of Count I, as though fully set forth herein and incorporated by reference.

10.    The conduct and force used by Counter-Defendant, George Terrell, towards Peter DiAngi was intentional, malicious, reckless and without justification.

11.    On March 18, 2006, Peter DiAngi was engaged in his duties as a security guard and employee of Silver Lake Country Club.

12.    Counter-Defendant, George Terrell knew or should have known Peter DiAngi was an employee and acting in said scope of his employment for Silver Lake Country Club.

13.    Counter-Defendant, George Terrell's conduct in striking Peter DiAngi was unjustified.

14.    As a result of Counter-Defendant, George Terrell's conduct Peter DiAngi suffered serious injuries.

15.    As a result of Counter-Defendant, George Terrell's conduct Peter DiAngi incurred medical expenses and other damages including physical and emotional pain and suffering.

30

504739.1

16.     Peter DiAngi's injuries were the proximate result of the Counter-Defendant, George Terrell's actions and conduct.

**WHEREFORE**, the Counter-Plaintiff, PETER DiANGI, respectfully requests judgment against the Counter-Defendant, GEORGE TERRELL, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court deems just and proper.

## COUNT IV – ASSAULT

## (Peter DiAngi v. George Terrell)

1-16.   Counter-Plaintiff, Peter DiAngi, adopts and realleges Paragraph 1 – 16 inclusive of the COMMON FACTUAL ALLEGATIONS section and COUNT III as and for Paragraphs 1 – 16 inclusive of Count IV, as though fully set forth herein and incorporated by reference.

17.     Counter-Defendant, George Terrell's conduct placed Peter DiAngi in apprehension of immediate and imminent harm to his wellbeing and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting him mentally, emotionally and psychological.

**WHEREFORE**, the Counter-Plaintiff, PETER DiANGI, respectfully requests judgment against the Counter-Defendant, GEORGE TERRELL, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court deems just and proper.

## THIRD-PARTY COMPLAINT AGAINST JASON TERRELL

## COMMON FACTUAL ALLEGATIONS

1.     On or about March 18, 2006 Third-Party Defendant, Jason Terrell was a resident of Will County, State of Illinois.

2.     On March 18, 2006, Third-Party Plaintiff, Peter DiAngi, was a resident of the State of Illinois.

3.     On March 18, 2006 Third-Party Plaintiff, Peter DiAngi, was employed by Silver Lake Country Club as a security guard.

4.     On March 18, 2006 Andrew Terrell along with his fiancé were married and after the wedding ceremony, He, George Terrell and Jason Terrell, along with various other wedding guests, attended a wedding reception at Silver Lake Country Club.

5.     On March 18, 2006 Third-Party Plaintiff, Peter DiAngi, confronted Jason Terrell after he witnessed him giving an alcoholic beverage to members of the reception who were not of legal age to consume alcohol and after learning that Jason Terrell, among others, were engaging in disorderly conduct by entering and urinating in the woman's bathroom at said wedding reception.

6.     Third-Party Plaintiff, Peter DiAngi attempted to gain Third-Party Defendant, Jason Terrell's attention by placing his hand on Mr. Terrell's arm.

7.     Jason Terrell therein shoved Peter DiAngi against the wall and began striking him about the face and body.

8.     George and Andrew Terrell therein began assisting and aiding Jason Terrell in punching, kicking and striking Peter DiAngi about the head and body.

## COUNT I – BATTERY

### (Peter DiAngi v. Jason Terrell)

1-8.     Third-Party Plaintiff, Peter DiAngi, adopts and realleges Paragraph 1 – 8 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1 – 8 inclusive of Count I, as though fully set forth herein and incorporated by reference.

32

9.      The conduct and force used by Third-Party Defendant, Jason Terrell, towards Peter DiAngi was intentional, malicious, reckless and without justification.

10.     On March 18, 2006, Peter DiAngi was engaged in his duties as a security guard and employee of Silver Lake Country Club.

11.     Third-Party Defendant, Jason Terrell knew or should have known Peter DiAngi was an employee and acting in said scope of his employment for Silver Lake Country Club.

12.     Third-Party Defendant, Jason Terrell's conduct in striking Peter DiAngi was unjustified.

13.     As a result of Third-Party Defendant, Jason Terrell conduct Peter DiAngi suffered serious injuries.

14.     As a result of Third-Party Defendant, Jason Terrell's conduct Peter DiAngi incurred medical expenses and other damages including physical and emotional pain and suffering.

15.     Peter DiAngi's injuries were the proximate result of the Third-Party Defendant, Jason Terrell's actions and conduct.

**WHEREFORE**, the Third-Party Plaintiff, PETER DiANGI, respectfully requests judgment against the Third-Party Defendant, JASON TERRELL, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court deems just and proper.

## COUNT II – ASSAULT

### (Peter DiAngi v. Jason Terrell)

1-15.   Third-Party Plaintiff, Peter DiAngi, adopts and realleges Paragraph 1 – 15 inclusive of the COMMON FACTUAL ALLEGATIONS section and COUNT I as and for

504739.1

Paragraphs 1 – 15 inclusive of Count II, as though fully set forth herein and incorporated by reference.

16.    Third-Party Defendant, Jason Terrell's conduct placed Peter DiAngi in apprehension of immediate and imminent harm to his wellbeing and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting him mentally, emotionally and psychological.

**WHEREFORE**, the Third-Party Plaintiff, PETER DiANGI, respectfully requests judgment against the Counter-Defendant, JASON TERRELL, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and such other relief as the Court deems just and proper.

Respectfully Submitted,

**PETER DiANGI, Individually and as Employee or agent of Silver Lake Country Club, Inc. and SILVER LAKE COUNTRY CLUB, INC.**

By: /s/ Christian T. Novay
    One of Their Attorneys

Christian Novay
**WILSON, ELSER, MOSKOWITZ,**
  **EDELMAN & DICKER LLP**
120 North LaSalle Street
Suite 2600
Chicago, Illinois 60602
(312) 704-0550
ARDC: 06284318

504739.1