JSG/cv                    Atty No:  36351                    3118-139

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| GEORGE TERRELL and ANDREW TERRELL | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | No.  08 C 2430 |
| | ) | |
| PETER DIANGI, Individually and as  Employee or | ) | Judge Marovich |
| Agent of Silver Lake Country Club, Inc. and as | ) | |
| Police Officer of Orland Park, a municipal corp., | ) | Magistrate Judge Cox |
| SILVER LAKE COUNTRY CLUB, INC. and | ) | |
| VILLAGE OF ORLAND PARK, a municipal corp. | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANT PETER DIANGI'S, ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AT LAW**

NOW COMES the defendant, PETER DIANGI, by and through his attorneys, LITCHFIELD CAVO LLP and for his answer to plaintiffs' Amended Complaint at Law, states as follow:

**COMMON FACTUAL ALLEGATIONS**

1.      At all times relevant herein, the Plaintiffs, ANDREW TERRELL and GEORGE TERRELL were residents of the County of Cook and State of Illinois.

**ANSWER:** Defendant admits the allegations contained in paragraph one.

2.      At all times relevant herein, the Defendant, PETER DIANGI was a resident of County of Cook and State of Illinois.

**ANSWER:** Defendant admits the allegations contained in paragraph two.

3.     At all times relevant herein, the Defendant, PETER DIANGI, was employed by the Defendant, SILVER LAKE, as a security guard.

**ANSWER:** Defendant admits the allegations contained in paragraph three.

4.     At all times relevant herein, the Defendant, PETER DIANGI, was employed by the Defendant, Orland Park, as a police officer.

**ANSWER:** Defendant admits the allegations contained in paragraph four.

5.     At all times relevant herein, the Defendant, SILVER LAKE, was a duly licensed corporation, incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois.

**ANSWER:** Defendant admits the allegations contained in paragraph five.

6.     On or about March 18, 2006, the Plaintiff, ANDREW TERRELL, and his fiancée were married at Queen of Martyrs Church in Evergreen Park. Immediately after the wedding ceremony, the Plaintiff, ANDREW TERRELL, his fiancée, and various other members of the wedding guests, including the Plaintiff GEORGE TERRELL, attended a wedding reception at Silver Lake Country Club.

**ANSWER:** Defendant neither admits nor denies the allegations contained in paragraph six, but demands strict proof thereof.

7.     The Defendant, PETER DIANGI, grabbed the Plaintiff, ANDREW TERRELL, by the arm.

**ANSWER:** Defendant admits the allegations contained in paragraph seven.

8.    Prior to Grabbing the Plaintiff, ANDREW TERRELL, the Defendant, PETER DIANGI, did not identify himself as a security guard or other employee of Silver Lake, nor did he identify himself as a police officer.

**ANSWER:** Defendant denies the allegations contained in paragraph eight.

9.    Subsequent to grabbing the Plaintiff, ANDREW TERRELL, the Defendant, PETER DIANGI, grabbed ANDREW Terrell by the neck. A melee ensued as wedding guests attempted to defend the Plaintiff, ANDREW TERRELL.

**ANSWER**: Defendant denies the allegations contained in paragraph nine.

10.    At all times, the Defendant, PETER DIANGI, was dressed in "plain clothes", and was not wearing a police uniform.

**ANSWER:** Defendant admits the allegations contained in paragraph ten.

11.    As a result of the aforestated melee, the Plaintiffs, ANDREW TERRELL and GEORGE TERRELL, were arrested and charged with battery.

**ANSWER:** Defendant admits the allegations contained in paragraph eleven.

12.    The arrests of the Plaintiffs were made under false pretenses, given that the Defendant, PETER DIANGI, justigated the events leading to the aforesaid arrests.

**ANSWER:** Defendant denies the allegations contained in paragraph twelve.

13.    The Defendant, PETER DIANGI, engaged in conduct against the plaintiffs, which conduct included striking the plaintiffs, grabbing the plaintiffs and spraying with pepper spray.

**ANSWER:** Defendant denies the allegations contained in paragraph thirteen.

## COUNT I-BATTERY

### (Andrew Terrell v. Peter Diangi)

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count I, as though fully set forth herein and incorporate the same by reference.

**ANSWER:** Defendant re-adopts and re-alleges in answers to paragraphs 1 through 13, inclusive of the common factual allegations section as it answers to paragraph 1 through 13 of Count I, as fully set forth herein and incorporated by referenced.

14. The conduct and force used by PETER DIANGI toward the Plaintiff, ANDREW TERRELL, was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights. Moreover, the use of force used against the Plaintiff was excessive.

**ANSWER:** Defendant denies the allegations contained in paragraph fourteen.

15. As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:** Defendant denies the allegations contained in paragraph fifteen.

16. The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER:** Defendant denies the allegations contained in paragraph sixteen.

WHEREFORE, the defendant, Peter DiAngi, denies that he is liable in any amount whatsoever, to plaintiff, Andrew Terrell, and demands judgment in his favor on all remaining pleadings.

## COUNT II-ASSAULT

### (Andrew Terrell v. Peter Diangi)

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count II, as though fully set forth herein and incorporate the same by reference.

**ANSWER:** Defendant re-adopts and re-alleges in answers to paragraphs 1 through 13, inclusive of the common factual allegations section as it answers to paragraph 1 through 13 of Count II, as fully set forth herein and incorporated by referenced.

14. The Defendants' conduct placed Plaintiff, ANDREW TERRELL in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting his mentally, emotionally and psychologically.

**ANSWER:** Defendant denies the allegations contained in paragraph fourteen.

WHEREFORE, the defendant, Peter DiAngi, denies that he is liable in any amount whatsoever, to plaintiff, Andrew Terrell, and demands judgment in his favor on all remaining pleadings.

## COUNT III – NEGLIGENCE

### (Andrew Terrell v. Peter Diangi)

1.     At all times relevant herein, the Defendant, PETER DIANGI, was employed by the Defendant, SILVER LAKE, as a security guard.

**ANSWER:**     Defendant admits the allegations contained in paragraph one.

2.      At all times relevant herein, the Defendant, SILVER LAKE, was a duly licensed corporation, incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois.

**ANSWER:**    Defendant admits the allegations contained in paragraph two.

3.      On or about March 18, 2006, the Plaintiff, ANDREW TERRELL, and his fiancée were married at Queen of Martyrs Church in Evergreen Park. Immediately after the wedding ceremony, the plaintiff, ANDREW TERRELL, his fiancée, and various other members of the wedding guests, including the Plaintiff GEORGE TERRELL, attended a wedding reception at Silver Lake Country Club.

**ANSWER:**    Defendant admits the allegations contained in paragraph two.

4.      During the course of the reception, the Defendant, PETER DIANGI, was engaged in his ordinary duties as a security guard and was working in his capacity as employee or agent of the Defendant, SILVER LAKE.

**ANSWER:**    Defendant adopts DiAngi's answers to paragraph four as answered by attorney for Silver Lake.

5.      At all times relevant herein, the Defendant PETER DIANGI owed a duty of ordinary care to the Plaintiff while performing his tasks as a security officer.

**ANSWER:**    Defendant adopts DiAngi's answers to paragraph five as answered by attorney for Silver Lake.

6.      On March 18, 2006, the Defendant, PETER DIANGI, breached his aforesaid duty by engaging in one or more of the following negligent acts or omissions:

a.      Negligently failed to identify himself as a security guard or employee of Silver Lake;

b.      Negligently pushed the Plaintiff;

c.      Negligently sprayed the Plaintiff with pepper spray;

d.      Negligently attempted to physically restrain the plaintiff; and/or

e.      Was otherwise negligent.

**ANSWER:**    Defendant denies the allegations contained in paragraph six, including those allegations in sub-paragraphs (a) through (e), inclusive.

7. As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain in and suffering.

**ANSWER:**    Defendant denies the allegations contained in paragraph seven.

8.      The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER:**    Defendant denies the allegations contained in paragraph seven.

WHEREFORE, the defendant, Peter DiAngi, denies that he is liable in any amount whatsoever, to plaintiff, Andrew Terrell, and demands judgment in his favor on all remaining pleadings.

### <u>COUNT IV - BATTERY</u>

### <u>(Andrew Terrell and Silver Lake)</u>

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count III, as

though fully set forth herein and incorporate the same by reference.

**ANSWER:** As the allegations set forth in Count IV are not directed toward this defendant, this defendant makes no answer to same.

14. The conduct and force used by PETER DIANGI toward the Plaintiff, ANDREW TERRELL, was intentional, malicious and excessive and in reckless disregard of the Plaintiffs' constitutional rights. Moreover, the use of force used against the Plaintiff was excessive.

**ANSWER:** As the allegations set forth in Count IV are not directed toward this defendant, this defendant makes no answer to same.

15.    At all times relevant herein the Defendant, PETER DIANGI, was engaged in his ordinary duties as a security guard and employee, agent, apparent agent, and/or servant of the Defendant, SILVER LAKE.

**ANSWER:** As the allegations set forth in Count IV are not directed toward this defendant, this defendant makes no answer to same.

16.    At all times set forth in Paragraphs 1-13, PETER DIANGI knew that the Plaintiff, ANDREW TERRELL, was legally on the premises of Silver Lake Country Club.

**ANSWER:** As the allegations set forth in Count IV are not directed toward this defendant, this defendant makes no answer to same.

17.    The Defendant's conduct in striking the Plaintiff and spraying the Plaintiff with mace was unjustified and excessive.

**ANSWER:** As the allegations set forth in Count IV are not directed toward this defendant, this defendant makes no answer to same.

18.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:** As the allegations set forth in Count IV are not directed toward this defendant, this defendant makes no answer to same.

19.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER:** As the allegations set forth in Count IV are not directed toward this defendant, this defendant makes no answer to same.

20.    The Defendant, SILVER LAKE, is vicariously liable for the actions and conduct of PETER DIANGI.

**ANSWER:** As the allegations set forth in Count IV are not directed toward this defendant, this defendant makes no answer to same

## COUNT V-ASSAULT

### (Andrew Terrell v. Silver Lake)

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count IV, as though fully set forth herein and incorporate the same by reference.

**ANSWER**: As the allegations set forth in Count V are not directed toward this defendant, this defendant makes no answer to same.

14.    The conduct of Defendant, SILVER LAKE, by and through its employee and agent, PETER DIANGI, placed Plaintiff, ANDREW TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation

and injury to his dignity and feelings, upsetting them mentally, emotionally and psychologically.

**ANSWER:** As the allegations set forth in Count V are not directed toward this defendant, this defendant makes no answer to same.

## COUNT VI – NEGLIGENCE

## (Andrew Terrell v. Silver Lake)

1.      At all times relevant herein, the Defendant, SILVER LAKE, was a duly licensed corporation, incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82rd Avenue in the City of Orland Park, County of Cook, and State of Illinois.

**ANSWER:** As the allegations set forth in Count VI are not directed toward this defendant, this defendant makes no answer to same.

2.      Prior to March 18, 2006, the Defendant, SILVER LAKE, hired and employed the Defendant, PETER DIANGI, as a security guard at the Silver Lake Country Club.

**ANSWER:** As the allegations set forth in Count VI are not directed toward this defendant, this defendant makes no answer to same.

3.      On or about March 18, 2006, the Defendant, PETER DIANGI, was working as a security guard and performing his ordinary duties as an employee or agent of the Defendant, SILVER LAKE.

**ANSWER:** As the allegations set forth in Count VI are not directed toward this defendant, this defendant makes no answer to same.

4.      On or about March 18, 2006, the Plaintiff, ANDREW TERRELL, and his fiancée were married at Queen of Martyrs Church in Evergreen Park. Immediately after the wedding ceremony, the plaintiff, ANDREW TERRELL, his fiancée, and various other members of the

wedding guests, including the Plaintiff GEORGE TERRELL, attended a wedding reception at Silver Lake Country Club.

**ANSWER:** As the allegations set forth in Count VI are not directed toward this defendant, this defendant makes no answer to same.

5.      During the course of the reception, the Defendant, PETER DIANGI, was engaged in his ordinary duties as a security guard and was working in his capacity as employee or agent of the Defendant, SILVER LAKE.

**ANSWER:** As the allegations set forth in Count VI are not directed toward this defendant, this defendant makes no answer to same.

6.      At all times relevant herein, the Defendant SILVER LAKE, through its employees and agents, including PETER DIANGI, owed a duty of ordinary care to the Plaintiff to hire well-qualified security personnel, and to ensure that the security acted appropriately providing security.

**ANSWER:** As the allegations set forth in Count VI are not directed toward this defendant, this defendant makes no answer to same.

7.      On March 18, 2006, the Defendant, SILVER LAKE, through its employees and/or agents, including the Defendant, PETER DIANGI, breached his aforesaid duties to the Plaintiff by engaging in one or more of the following negligent acts or omissions:

> a.      Negligently failed to properly train the Defendant, PETER DIANGI, as a security guard responsible for providing security to patron during social events at SILVER LAKE;
>
> b.      Negligently failed to adequately supervise the Defendant, PETER DIANGI, during the performance of his duties as a security guard;
>
> c.      Negligently permitted the Defendant, PETER DIANGI, to work as a security guard without sufficient assistance or supervision;

      d.        Negligently failed to provide adequate security personnel to assist the Defendant, PETER DIANGI, in providing security;

      e.        Negligently hired the Defendant, PETER DIANGI, as a security officer.

**ANSWER:** As the allegations set forth in Count VI are not directed toward this defendant, this defendant makes no answer to same.

8.     In addition to the aforesaid negligent acts and/or omissions, the Defendant, J SILVER LAKE, is vicariously liable for the negligent acts and/or omissions, the Defendant, PETER DIANGI, as alleged in Count III above.

**ANSWER:** As the allegations set forth in Count VI are not directed toward this defendant, this defendant makes no answer to same.

9.     As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:** As the allegations set forth in Count VI are not directed toward this defendant, this defendant makes no answer to same.

10.     The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER:** As the allegations set forth in Count VI are not directed toward this defendant, this defendant makes no answer to same.

## COUNT VII-BATTERY

### (Andrew Terrell v. Orland Park)

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count V, as though

fully set forth herein and incorporate the same by reference.

**ANSWER:** As the allegations set forth in Count VII are not directed toward this defendant, this defendant makes no answer to same.

14.    The conduct and force used by PETER DIANGI as stated herein was intentional, malicious, excessive and in reckless disregard of the Plaintiffs' constitutional rights. Moreover, the use of force used against the Plaintiff was excessive.

**ANSWER:** As the allegations set forth in Count VII are not directed toward this defendant, this defendant makes no answer to same.

15.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:** As the allegations set forth in Count VII are not directed toward this defendant, this defendant makes no answer to same.

16.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER**: As the allegations set forth in Count VII are not directed toward this defendant, this defendant makes no answer to same.

17.    The Defendant, ORLAND PARK, is vicariously liable for the actionable conduct of its employees, agents, and/or servants including PETER DIANGI.

**ANSWER:** As the allegations set forth in Count VII are not directed toward this defendant, this defendant makes no answer to same.

## COUNT VIII-ASSAULT

### (Andrew Terrell v. Orland Park)

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count VI, as though fully set forth herein and incorporate the same by reference.

**ANSWER:** As the allegations set forth in Count VIII are not directed toward this defendant, this defendant makes no answer to same.

14. The conduct of Defendant, ORLAND PARK, by and through its employee and/or agent, PETER DIANGI, placed Plaintiff, ANDREW TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting them mentally, emotionally and psychologically.

**ANSWER:** As the allegations set forth in Count VIII are not directed toward this defendant, this defendant makes no answer to same.

## COUNT IX-WILLFUL & WANTON

### (Andrew Terrell v. Peter Diangi)

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count VII, as though fully set forth herein and incorporate the same by reference.

**ANSWER:** Defendant re-adopts and re-alleges in answers to paragraphs 1 through 13, inclusive of the common factual allegations section as it answers to paragraph 1 through 13 of Count IX, as fully set forth herein and incorporated by referenced.

14.    Pursuant to 745 ILCS 10/2-202, police officers are liable for injuries resulting from their willful and wanton acts or omissions while engaged in the execution or enforcement of the law.

**ANSWER:** Defendant denies the allegations contained in paragraph fourteen.

15.    At all time set forth in Paragraphs 1-13, PETER DIANGI, knew that the Plaintiff, ANDREW TERRELL, was legally upon the premises of Silver Lake Country Club.

**ANSWER:** Defendant denies the allegations contained in paragraph sixteen.

16.    At all time set forth in Paragraphs 1-13, PETER DIANGI was engaged in the execution or enforcement of the law when he grabbed and/or struck the Plaintiff, ANDREW TERRELL. More over, Officer METELSKI engaged in willful and wanton conduct during said execution or enforcement of the law by using excessive force in attempting to arrest ANDREW TERRELL.

**ANSWER:** Defendant denies the allegations contained in paragraph sixteen.

17.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:** Defendant denies the allegations contained in paragraph seventeen.

18.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER:** Defendant denies the allegations contained in paragraph eighteen.

WHEREFORE, the defendant, Peter DiAngi, denies that he is liable in any amount whatsoever, to plaintiff, Andrew Terrell, and demands judgment in his favor on all remaining pleadings.

## COUNT X-WILLFUL & WANTON

### (Andrew Terrell v. Orland Park)

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count VIII, as though fully set forth herein and incorporate the same by reference.

**ANSWER:** As the allegations set forth in Count X are not directed toward this defendant, this defendant makes no answer to same.

14.    Pursuant to 745 ILCS 10/2-202, municipalities are liable for injuries resulting from willful and wanton acts or omissions of police officers while engaged in the execution or enforcement of the law.

**ANSWER:** As the allegations set forth in Count X are not directed toward this defendant, this defendant makes no answer to same.

15.    At all time set forth in Paragraphs 1-13, PETER DIANGI, knew that the Plaintiff, ANDREW TERRELL, was lawfully upon the premises of Silver Lake Country Club.

**ANSWER:** As the allegations set forth in Count X are not directed toward this defendant, this defendant makes no answer to same.

16.    At all times set forth in paragraphs 1-13, PETER DIANGI was engaged in the execution or enforcement of the law on behalf when he grabbed and/or struck the Plaintiff, ANDREW TERRELL. Moreover, PETER DIANGI engaged in willful and wanton conduct during said execution or enforcement of the law by using excessive force in attempting to arrest ANDREW TERRELL.

**ANSWER**: As the allegations set forth in Count X are not directed toward this defendant, this defendant makes no answer to same.

-16-

17.    As a result of the aforementioned conduct of ORLAND PARK, by and through its employee and/or agent, PETER DIANGI, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:** As the allegations set forth in Count X are not directed toward this defendant, this defendant makes no answer to same.

18.    The Plaintiff's injuries were the proximate result of ORLAND PARK aforementioned conduct.

**ANSWER:** As the allegations set forth in Count X are not directed toward this defendant, this defendant makes no answer to same.

## COUNT XI-42 U.S.C. S1983

### (Andrew Terrell)

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count IX, as though fully set forth herein and incorporate the same by reference.

**ANSWER:** Defendant re-adopts and re-alleges in answers to paragraphs 1 through 13, inclusive of the common factual allegations section as it answers to paragraph 1 through 13 of Count XI, as fully set forth herein and incorporated by referenced.

13.    At all time set forth in Paragraphs 1-13, PETER DIANGI, knew that the Plaintiff, ANDREW TERRELL, was legally upon the premises of Silver Lake Country Club.

**ANSWER:** (incorrectly numbered). This defendant admits the allegations contained in this paragraph thirteen.

14.     At all times set forth in paragraphs 1-13, PETER DIANGI was engaged in the execution or enforcement of the law and was acting under the color of authority when he engaged in the conduct alleged herein, and when he arrested the Plaintiff, ANDREW TERRELL.

**ANSWER:** Defendant denies the allegations contained in paragraph fourteen.

15.     The conduct engaged by PETER DIANGI was intentional, malicious, and with deliberate indifference to the Plaintiffs rights under the Constitution.

**ANSWER:** Defendant denies the allegations contained in paragraph fifteen.

16.     The conduct of the Defendants deprived the Plaintiff of the following rights, privileges, and immunities secured to him by the Constitution of the United States.

    a.     The right of the Plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States (Art. IV, U.S. Constitution, Art. XIV, U.S. Constitution.); and

    b.     The right of the Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment of the Constitution of the United States (Art. XIV, U.S. Constitution).

**ANSWER:** Defendant denies the allegations contained in paragraph sixteen, including those sub-paragraphs (a) and (b), inclusive

17.     Prior to March 18, 2006, ORLAND PARK failed to properly train and supervise its officers, including, but not limited to PETER DIANGI, regarding proper procedure to be used in apprehending a suspect, including the proper use of force.

**ANSWER:** Defendant denies the allegations contained in paragraph seventeen.

18.     In addition, prior to March 18, 2006, ORLAND PARK failed to discipline its officers, including, but not limited to PETER DIANGI, following excessive use of force by

police such that its officers, including, but not limited to PETER DIANGI, were led to believe that the consequences of failing to follow proper procedure in the exercise of force were minimal or nonexistent.

**ANSWER:** Defendant denies the allegations contained in paragraph eighteen.

19.    As a result of the failure of ORLAND PARK to properly train, supervise and discipline its officers, including, but not limited to PETER DIANGI, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:** Defendant denies the allegations contained in paragraph nineteen.

20.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER:** Defendant denies the allegations contained in paragraph twenty.

WHEREFORE, the defendant, Peter DiAngi, denies that he is liable in any amount whatsoever, to plaintiff, Andrew Terrell, and demands judgment in his favor on all remaining pleadings.

## COUNT XII—BATTERY

### (George Terrell v. Peter Diangi)

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count XII, as though fully set forth herein and incorporate the same by reference.

**ANSWER:** Defendant re-adopts and re-alleges in answers to paragraphs 1 through 13, inclusive of the common factual allegations section as it answers to paragraph 1 through 13 of Count XII, as fully set forth herein and incorporated by referenced.

14.    The conduct and force used by PETER DIANGI toward the Plaintiff, George Terrell, was intentional, malicious, excessive and in reckless disregard of the Plaintiffs constitutional rights. Moreover, the use of force used against the Plaintiff was excessive.

**ANSWER:** Defendant denies the allegations contained in paragraph fourteen.

15.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:** Defendant denies the allegations contained in paragraph fifteen.

16.    The Plaintiffs injuries were the proximate result of ORLAND PARK aforementioned conduct.

**ANSWER:** Defendant denies the allegations contained in paragraph sixteen.

WHEREFORE, the defendant, Peter DiAngi, denies that he is liable in any amount whatsoever, to plaintiff, George Terrell, and demands judgment in his favor on all remaining pleadings.

## COUNT XIII-ASSAULT

## (George Terrell v. Peter Diangi)

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count XI, as though fully set forth herein and incorporate the same by reference.

**ANSWER:** Defendant re-adopts and re-alleges in answers to paragraphs 1 through 13, inclusive of the common factual allegations section as it answers to paragraph 1 through 13 of Count XIII, as fully set forth herein and incorporated by referenced.

14. The Defendants' conduct placed Plaintiff, GEORGE TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting them mentally, emotionally and psychologically.

**ANSWER:** Defendant denies the allegations contained in paragraph fourteen.

WHEREFORE, the defendant, Peter DiAngi, denies that he is liable in any amount whatsoever, to plaintiff, George Terrell, and demands judgment in his favor on all remaining pleadings.

## COUNT XIV-NEGLIGENCE

### (George Terrell v. Peter Diangi)

1. At all times relevant herein, the Defendant, PETER DIANGI, was employed by the Defendant, SILVER LAKE, as a security guard.

**ANSWER:** Defendant admit the allegations set forth in paragraph one.

2. At all times relevant herein, the Defendant, SILVER LAKE, was a duly licensed corporation, incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois.

**ANSWER:** Defendant admit the allegations set forth in paragraph two.

3. On or about March 18, 2006, the Plaintiff, ANDREW TERRELL, and his fiancée were married at Queen of Martyrs Church in Evergreen Park. Immediately after the wedding ceremony, the plaintiff, ANDREW TERRELL, his fiancée, and various other members of the

wedding guests, including the Plaintiff GEORGE TERRELL, attended a wedding reception at Silver Lake Country Club.

**ANSWER:** Defendant neither admits nor denies the allegations contained in paragraph three, but demands strict proof thereof.

4.    During the course of the reception, the Defendant, PETER DIANGI, was engaged in his ordinary duties as a security guard and was working in his capacity as employee or agent of the Defendant, SILVER LAKE.

**ANSWER:**  Defendant admit the allegations set forth in paragraph four.

5.    At all times relevant herein, the Defendant PETER DIANGI owed a duty of ordinary care to the Plaintiff while performing his tasks as a security officer.

**ANSWER:** Defendant admit the allegations set forth in paragraph five.

6.    On March 18, 2006, the Defendant, PETER DIANGI, breached his aforesaid duty by engaging in one or more of the following negligent acts or omissions:

   a.    Negligently failed to identify himself as a security guard or employee of Silver Lake;

   b.    Negligently pushed the Plaintiff;

   c.    Negligently sprayed the Plaintiff with pepper spray;

   d.    Negligently attempted to physically restrain the plaintiff; and/or

   e.    Was otherwise negligent.

**ANSWER:**  Defendant denies the allegations set forth in paragraph  six.

7.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries. Plaintiff also incurred medical expenses and other damages, including

physical and emotional pain and suffering.

**ANSWER:** Defendant denies the allegations set forth in paragraph seven.

8.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER:** Defendant denies the allegations set forth in paragraph eight.

## COUNT XV - BATTERY

### (George Terrell v. Silver Lake)

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count XII, as though fully set forth herein and incorporate the same by reference.

**ANSWER:** As the allegations set forth in Count XV are not directed toward this defendant, this defendant makes no answer to same.

14.    The conduct and force used by PETER DIANGI toward the Plaintiff, GEORGE TERRELL, was intentional, malicious, excessive and in reckless disregard of the Plaintiff's constitutional rights. Moreover, the use of force used against the Plaintiff was excessive.

**ANSWER:** As the allegations set forth in Count XV are not directed toward this defendant, this defendant makes no answer to same.

15.    At all times relevant herein the Defendant, PETER DIANGI, was engaged in his ordinary duties as a security guard and employee, agent, apparent agent, and/or servant of the Defendant, SILVER LAKE.

**ANSWER:** As the allegations set forth in Count XV are not directed toward this defendant, this defendant makes no answer to same.

16.    At all time set forth in Paragraphs 1-13, PETER DIANGI, knew that the Plaintiff, GEORGE TERRELL, was lawfully upon the premises of Silver Lake Country Club. **ANSWER:** As the allegations set forth in Count XV are not directed toward this defendant, this defendant makes no answer to same.

17.    The Defendant's conduct in striking the Plaintiff with mace was unjustified and excessive.

**ANSWER:** As the allegations set forth in Count XV are not directed toward this defendant, this defendant makes no answer to same.

18.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:** As the allegations set forth in Count XV are not directed toward this defendant, this defendant makes no answer to same.

19.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER:** As the allegations set forth in Count XV are not directed toward this defendant, this defendant makes no answer to same.

20.    The Defendant, SILVER LAKE, is vicariously liable for the actions and conduct of PETER DIANGI.

**ANSWER:** As the allegations set forth in Count XV are not directed toward this defendant, this defendant makes no answer to same.

## COUNT XVI-ASSAULT

### (George Terrell v. Silver Lake)

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count XVI, as though fully set forth herein and incorporate the same by reference.

ANSWER: As the allegations set forth in Count XVI are not directed toward this defendant, this defendant makes no answer to same.

14. The conduct of Defendant, SILVER LAKE, by and through its employee and agent, PETER DIANGI, placed Plaintiff, GEORGE TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and injury to his dignity and feelings, upsetting them mentally, emotionally and psychologically.

ANSWER:    As the allegations set forth in Count XVI are not directed toward this defendant, this defendant makes no answer to same.

## COUNT XVII - NEGLIGENCE

### (Andrew Terrell v. Silver Lake)

1. At all times relevant herein, the Defendant, SILVER LAKE, was a duly licensed corporation, incorporated in the State of Illinois and doing business as Silver Lake Country Club and located at 14700 South 82nd Avenue in the City of Orland Park, County of Cook, and State of Illinois.

ANSWER:    As the allegations set forth in Count XVII are not directed toward this defendant, this defendant makes no answer to same.

2.      Prior to March 18, 2006, the Defendant, SILVER LAKE, hired and employed the Defendant PETER DIANGI, as a security guard at the Silver Lake Country Club.

**ANSWER:**    As the allegations set forth in Count XVII are not directed toward this defendant, this defendant makes no answer to same.

3.      On or about March 18, 2006, the Defendant, PETER DIANGI, was working as a security guard and performing his ordinary duties as an employee or agent of the Defendant, SILVER LAKE.

**ANSWER:**    As the allegations set forth in Count XVII are not directed toward this defendant, this defendant makes no answer to same.

4.      On  or about March 18, 2006, the Plaintiff, ANDREW TERRELL, and his fiancée were married at Queen of Martyrs Church in Evergreen Park. Immediately after the wedding ceremony, the plaintiff, ANDREW TERRELL, his fiancée, and various other members of the wedding guests, including the Plaintiff GEORGE TERRELL, attended a wedding reception at Silver Lake Country Club.

**ANSWER:**    As the allegations set forth in Count XVII are not directed toward this defendant, this defendant makes no answer to same.

5.       During the course of the reception, the Defendant, PETER DIANGI, was engaged in his ordinary duties as a security guard and was working in his capacity as employee or agent of the Defendant, SILVER LAKE.

**ANSWER:**    As the allegations set forth in Count XVII are not directed toward this defendant, this defendant makes no answer to same.

6.       At all times relevant herein, the Defendant SILVER LAKE, through its employees and agents, including PETER DIANGI, owed a duty of ordinary care to the Plaintiff

to hire well-qualified security personnel, and to ensure that the security acted appropriately when providing security.

**ANSWER:**    As the allegations set forth in Count XVII are not directed toward this defendant, this defendant makes no answer to same.

7.    On March 18, 2006, the Defendant, SILVER LAKE, through its employees and/or agents, including the Defendant, PETER DIANGI, breached his aforesaid duties to the Plaintiff by engaging in one or more of the following negligent acts or omissions:

a.    Negligently failed to properly train the Defendant, PETER DIANGI, as a security guard responsible for providing security to patron during social events at SILVER LAKE;

b.    Negligently failed to adequately supervise the Defendant, PETER DIANGI, during the performance of his duties as a security guard;

c.    Negligently permitted the Defendant, PETER DIANGI, to work as a security guard without sufficient assistance or supervision;

d.    Negligently failed to provide adequate security personnel to assist the Defendant, PETER DIANGI, in providing security;

e.    Negligently hired the Defendant, PETER DIANGI, as a security officer.

**ANSWER:**    As the allegations set forth in Count XVII are not directed toward this defendant, this defendant makes no answer to same.

8.    In addition to aforesaid negligent acts and/or omissions, the Defendant SILVER LAKE, is vicariously liable for the negligent acts and/or omissions of the Defendant, PETER DIANGI, as alleged in Count XIV above.

**ANSWER:**    As the allegations set forth in Count XVII are not directed toward this defendant, this defendant makes no answer to same.

9.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious physical injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:**    As the allegations set forth in Count XVII are not directed toward this defendant, this defendant makes no answer to same.

10.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER:**    As the allegations set forth in Count XVII are not directed toward this defendant, this defendant makes no answer to same

## COUNT XVIII - BATTERY

## (George Terrell v. Orland Park)

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count XIV, as though fully set forth herein and incorporate the same y reference.

**ANSWER:** As the allegations set forth in Count XVII are not directed toward this defendant, this defendant makes no answer to same.

14.    The conduct and force used by PETER DIANGI as stated herein was intentional, malicious, excessive and in reckless disregard of the Plaintiff's constitutional rights. Moreover, the use of force used against the Plaintiff was excessive.

**ANSWER:** As the allegations set forth in Count XVII are not directed toward this defendant, this defendant makes no answer to same.

15.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered

serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:** As the allegations set forth in Count XVII are not directed toward this defendant, this defendant makes no answer to same.

16.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER:** As the allegations set forth in Count XVII are not directed toward this defendant, this defendant makes no answer to same.

17.    The Defendant, ORLAND PARK, is vicariously liable for the actionable conduct of its employees, agents, and/or servants, including PETER DIANGI.

**ANSWER:** As the allegations set forth in Count XVII are not directed toward this defendant, this defendant makes no answer to same.

## COUNT XIX-ASSAULT

## (George Terrell v. Orland Park)

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count XV, as though fully set forth herein and incorporate the same by reference.

**ANSWER:** As the allegations set forth in Count XIX are not directed toward this defendant, this defendant makes no answer to same.

14. The conduct of Defendant, ORLAND PARK, by and through its employee and agent, PETER DIANGI, placed Plaintiff, GEORGE TERRELL, in apprehension of immediate and imminent harm to his well being and safety, and he suffered great shame and humiliation and

injury to his dignity and feelings, upsetting them mentally, emotionally and psychologically.

**ANSWER:** As the allegations set forth in Count XIX are not directed toward this defendant, this defendant makes no answer to same.

## COUNT XX-WILLFUL & WANTON

### (George Terrell v. Peter Diangi)

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count XVI, as though fully set forth herein and incorporate the same by reference.

**ANSWER:** Defendant re-adopts and re-alleges in answers to paragraphs 1 through 13, inclusive of the common factual allegations section as it answers to paragraph 1 through 13 of Count XX, as fully set forth herein and incorporated by referenced.

14.    Pursuant to 745 ILCS 10/2-202, police officers are liable for injuries resulting from their willful and wanton acts or omissions while engaged in the execution or enforcement of the law.

**ANSWER:** Defendant denies the allegations contained in paragraph fourteen.

15.    At all time set forth in Paragraphs 1-13, PETER DIANGI, knew that the Plaintiff, GEORGE TERRELL, was legally upon the premises of Silver Lake Country Club.

 **ANSWER:** Defendant admits the allegations contained in paragraph fifteen.

16.    At all time set forth in Paragraphs 1-13, PETER DIANGI was engaged in the execution or enforcement of the law when he grabbed and/or struck the Plaintiff, GEORGE TERRELL. More over, PETER DIANGI engaged in willful and wanton conduct during said

execution or enforcement of the law by using excessive force in attempting to arrest GEORGE TERRELL.

**ANSWER:** Defendant denies the allegations contained in paragraph sixteen.

17.     As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:** Defendant denies the allegations contained in paragraph seventeen.

18.     The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER:** Defendant denies the allegations contained in paragraph eighteen.

WHEREFORE, the defendant, Peter DiAngi, denies that he is liable in any amount whatsoever, to plaintiff, George Terrell, and demands judgment in his favor on all remaining pleadings.

## COUNT XXI-WILLFUL & WANTON

### (George Terrell v. Orland Park)

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count XVII, as though fully set forth herein and incorporate the same by reference.

**ANSWER:** As the allegations set forth in Count XXI are not directed toward this defendant, this defendant makes no answer to same.

14.     Pursuant to 745 ILCS 10/2-202, municipalities are liable for injuries resulting from willful and wanton acts or omissions of police officers while engaged in the execution or

enforcement of the law.

**ANSWER:** As the allegations set forth in Count XXI are not directed toward this defendant, this defendant makes no answer to same.

15.    At all time set forth in  paragraphs 1-13, PETER DIANGI, knew that the Plaintiff, GEORGE TERRELL, was lawfully upon the premises of Silver Lake Country Club.

**ANSWER:** As the allegations set forth in Count XXI are not directed toward this defendant, this defendant makes no answer to same.

16.    At all times set forth in paragraphs 1-13, PETER DIANGI was engaged in the execution or enforcement of the law on behalf when he grabbed and/or struck the Plaintiff, GEORGE TERRELL. Moreover, PETER DIANGI engaged in willful and wanton conduct during said execution or enforcement of the law by using excessive force in attempting to arrest GEORGE TERRELL.

**ANSWER:** As the allegations set forth in Count XXI are not directed toward this defendant, this defendant makes no answer to same.

17.    As a result of the aforementioned conduct of ORLAND PARK, by and through its employee and/or agent, PETER DIANGI, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:** As the allegations set forth in Count XXI are not directed toward this defendant, this defendant makes no answer to same.

18.    The Plaintiff's injuries were the proximate result of ORLAND PARK aforementioned conduct.

**ANSWER:** As the allegations set forth in Count XXI are not directed toward this defendant, this defendant makes no answer to same.

## COUNT XXII-42 U.S.C. S1983

### (George Terrell)

1. through 13. Plaintiff adopts and realleges Paragraphs 1-13 inclusive of the COMMON FACTUAL ALLEGATIONS section as and for Paragraphs 1-13 inclusive of Count XVIII, as though fully set forth herein and incorporate the same by reference.

**ANSWER:** Defendant re-adopts and re-alleges in answers to paragraphs 1 through 13, inclusive of the common factual allegations section as it answers to paragraph 1 through 13 of Count IX, as fully set forth herein and incorporated by referenced.

13.    At all time set forth in Paragraphs 1-13, PETER DIANGI, knew that the Plaintiff, GEORGE TERRELL, was legally upon the premises of Silver Lake Country Club.

**ANSWER:**  Defendant denies the allegations contained in paragraph thirteen.

14.    At all times set forth in paragraphs 1-13, PETER DIANGI was engaged in the execution or enforcement of the law, and was acting under the color of authority when he engaged in the conduct alleged herein, and when he arrested the Plaintiff, GEORGE TERRELL.

**ANSWER:**  The allegations set forth in paragraph fourteen are conclusions of law or fact and therefore defendant makes no answer to same.  To the extent any factual allegations are set forth defendant denies such allegations.

15.    The conduct engaged in by PETER DIANGI was intentional, malicious, and with deliberate indifference to the Plaintiff's rights under the constitution.

**ANSWER:** Defendant denies the allegations contained in paragraph fifteen.

16.    The conduct of the Defendants deprived the Plaintiff of the following rights, privileges, and immunities secured to him by the Constitution of the United States.

    a.    The right of the Plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States (Art. IV, U.S. Constitution, Art. XIV, U.S. Constitution.); and

    b.    The right of the Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment of the Constitution of the United States (Art. XIV, U.S. Constitution).

**ANSWER:** Defendant denies the allegations contained in paragraph sixteen including those allegations contained in subparagraphs (a) and (b), inclusive.

17. Prior to March 18, 2006, ORLAND PARK failed to properly train and supervise its officers, including, but not limited to PETER DIANGI, regarding proper procedure to be used in apprehending a suspect, including the proper use of force.

**ANSWER:** Defendant denies the allegations contained in paragraph seventeen.

18.    In addition, prior to March 18, 2006, ORLAND PARK failed to discipline its officers, including, but not limited to PETER DIANGI, following excessive use of force by police such that its officers, including, but not limited to PETER DIANGI, were led to believe that the consequences of failing to follow proper procedure in the exercise of force were minimal or nonexistent.

**ANSWER**: Defendant denies the allegations contained in paragraph eighteen.

19.    As a result of the failure of ORLAND PARK to properly train, supervise and discipline its officers, including, but not limited to PETER DIANGI, the Plaintiff suffered serious injuries. Plaintiff also incurred medical expenses and other damages, including physical and emotional pain and suffering.

**ANSWER:** Defendant denies the allegations contained in paragraph nineteen.

20.    The Plaintiff's injuries were the proximate result of Defendant's aforementioned conduct.

**ANSWER:** Defendant denies the allegations contained in paragraph twenty.

WHEREFORE, the defendant, Peter DiAngi, denies that he is liable in any amount whatsoever, to plaintiff, George Terrell, and demands judgment in his favor on all remaining pleadings.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, PETER DIANGI, and for his Affirmative Defenses to Plaintiff's Amended Complaint, without prejudice to the above and foregoing answers, and in the alternative, states as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that they have failed to mitigate, minimize, or avoid any damages they have allegedly sustained.

### THIRD AFFIRMATIVE DEFENSE

Whatever injuries and damages Plaintiffs may have sustained at the time and place alleged in their Complaint were caused by, and arose out of, Plaintiffs' own intentional misconduct, including their failure to abide by the instructions of a sworn peace officer.

### FOURTH AFFIRMATIVE DEFENSE

Orland Park police officers had probable cause to arrest Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

At all times relevant to the allegations of Plaintiffs' Amended Complaint, Defendant Peter Diangi and other Orland Park police officers acted in good faith and in accordance with the Constitution and laws of the United States and the State of Illinois.

### SIXTH AFFIRMATIVE DEFENSE

Defendant Peter Diangi acted toward Plaintiffs without malice and without intent to cause a deprivation of constitutional rights or other injury to Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

Should it be determined that Diangi was functioning as an Orland Park Police officer on the date in question, Defendant Peter Diangi was acting pursuant to the policies and general orders of the Village of Orland Park Police Department, in conformance with existing statutory and case law, thereby affording him with qualified immunity form liability under 42 U.S.C. § 1983.

### EIGHTH AFFIRMATIVE DEFENSE

Should it be determined that Diangi was functioning as an Orland Park Police officer on the date in question, Defendant Peter DiAngi's use of force in the course of arresting Plaintiffs

were reasonable, applied in self-defense and/or in the defense of others including bystanders and one another.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff cannot recover punitive damages against Orland Park. Section 2-102 of the Illinois Tort Immunity Act [745 ILCS 10/2-1-2] provides in pertinent part that a local public entity such as Orland Park is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by an injured party or a third party.

## TENTH AFFIRMATIVE DEFENSE

Should it be determined that Diangi was functioning as an Orland Park Police officer on the date in question, Defendant Peter DiAngi's arrest of Plaintiffs on March 18, 2006 was an act in the execution or enforcement of a law; Defendant Peter DiAngi's actions in arresting Plaintiff were not willful and wanton conduct; Defendant Peter Diangi is therefore immune from any common-law liability to Plaintiffs pursuant to Section 2-202 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

## ELEVENTH AFFIRMATIVE DEFENSE

Should it be determined that Diangi was functioning as an Orland Park Police officer on the date in question, Defendant Peter DiAngi's arrest of Plaintiffs on March 18, 2006 was an act occurring within the scope of his public employment as a police officer, a position involving the exercise of discretion and requiring judgment; and Defendant Peter Diangi is therefore immune from any common-law liability to Plaintiffs for punitive damages pursuant to Section 2-213 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-213.

## <u>TWELFTH AFFIRMATIVE DEFENSE</u>

Should it be determined that Diangi was functioning as an Orland Park Police officer on the date in question, Defendant Peter DiAngi' s arrest of Plaintiffs on March 18, 2006 was an act occurring within the scope of his public employment as a police officer, a position involving the determination of policy or the exercise of discretion, and Defendant Peter Diangi is therefore immune from any common-law liability to Plaintiffs pursuant to Section 2201 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

WHEREFORE, the Defendant Peter Diangi for the complaint to be dismissed with prejudice, for the costs of this action, attorneys fees under 42 U.S.C. § 1988 and for such other relief as this Court deems just and equitable under the circumstances.

DEFENDANT DEMANDS TRIAL BY JURY.

<div style="margin-left: 50%;">

LITCHFIELD CAVO LLP
By: <u>s/ Jeannine S. Gilleran</u>
Attorney for Defendant
Peter Diangi

</div>

Jeannine S. Gilleran, Esq.
LITCHFIELD CAVO, LLP
303 West Madison Street
Suite 300
Chicago, IL 60606-3300
(312) 781-6677

Jeannine S. Gilleran being first duly sworn on oath deposes and states that he is one of the attorneys for defendant,  Peter Diangi and that she has insufficient information to form a belief as to the truth or falsity of the allegations contained within paragraphs number 6 of common factual allegations and paragraph number 3 of Count XIV of  the Plaintiff's Amended Complaint at Law.

By:     /s/ Jeannine S. Gilleran

## CERTIFICATE OF SERVICE

I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served Defendant Peter Diangi's Answer to Plaintiff's Amended Complaint at Law by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record on the 18th day of July, 2008.


/s/ Jeannine S. Gilleran

Jeannine S. Gilleran
LITCHFIELD CAVO LLP.
303 West Madison Street
Suite 300
Chicago, IL 60606
(312) 781-6677
(312) 781-6630 fax